———⟶✳⟶———

## PHILLIPS *against* BERICK.

The record of a former recovery apparently for the same cause of action, as that which is the foundation of a subsequent suit, is *prima facie* evidence only, that the demand had been once tried, and the plaintiff may repel it, by showing that it was a distinct demand, in relation to which no testimony had been offered on the trial in the former cause, and that it arose out of a distinct and unconnected transaction.

IN ERROR, to the Court of Common Pleas of the county of *Montgomery.*

The plaintiff in error brought an action in the Court below against the defendant in error. The declaration con-

Where a claim is submitted to a jury, and disallowed by them, a verdict and judgment thereon are a conclusive bar to a second action for the same cause.

So, where the jury allow the plaintiff only a part of his demand, and less than he was entitled to recover.

So, if the plaintiff bring an action for a part only of an entire and indivisible demand, the verdict and judgment in that action are a conclusive bar to a subsequent suit for another part of the same demand

A claim arising from one entire contract, or from one single tortious act, cannot be divided into distinct demands, and made the subject of separate actions.

tained a single count in *indebitatus assumpsit*, in which the
plaintiff alleged, that the defendant, on the 1st of *October*,
1817, was indebted to him in the sum of three hundred dol-
lars, for work and labour ; and being so indebted, promised,
&c. The defendant pleaded *non assumpsit*, and the statute
of limitations. The cause was tried at the *June* term, 1818,
of the Court below.

At the trial, the plaintiff's counsel offered to prove, that
the defendant was indebted to the plaintiff, for work and
labour done and performed by the plaintiff for the defend-
ant, before the 8th of *March*, 1817 ; whereupon, the de-
fendant's counsel objected to the admission of the evidence,
and produced the record of a judgment rendered in the Court
below, in *September* term, 1817, in favour of the plaintiff,
against the defendant, for 178 dollars. The declaration in
that action contained counts in *indebitatus assumpsit,* for
1,000 dollars for goods sold, and for the like sum for work
and labour, materials found, &c. by the plaintiff for the de-
fendant, alleging the debt to have arisen on the 8th of
*March*, 1817. It was contended that this record was con-
clusive to preclude the plaintiff from giving evidence of any
demand for work and labour, arising before the 8th of *March*,
1817. The plaintiff's counsel insisted, that whatever might
be the legal effect of the record, if properly introduced, yet
that the evidence was premature, until the plaintiff had had
an opportunity of substantiating his cause of action. The
Court, however, ruled, that it was introduced at a proper time.
The plaintiff's counsel then insisted, that the record was not
sufficient to exclude proof of his demand, provided he
could also prove, that no testimony in relation to the same
demand had been offered on the former trial : but the Court
decided, that the record was conclusive, to show that every
demand which the plaintiff had against the defendant for work
and labour, prior to the 8th of *March*, 1817, had been tried
and determined ; and, accordingly, nonsuited the plaintiff.

The plaintiff tendered a bill of exceptions to the opinion
of the Court below, which was removed into this Court, by
writ of error.

ALBANY,
January, 1819

PHILLIPS
v.
BERICK.

ALBANY,
January, 1819.

PHILIPS
v.
BERICK.

*Conkling*, for the plaintiff in error, after reading the bill of exceptions, was stopped by the Court. He mentioned the cases on which he relied: (*Snider & Van Vechten,* v. *Croy,* 2 *Johns. Rep.* 227. *Rice* v. *King,* 7 *Johns. Rep.* 20. *Johnson* v. *Smith,* 8 *Johns. Rep.* 383. *Hitchin* v. *Campbell,* 2 *Bl. Rep.* 827. 831. 3 *Wils.* 304, *S. C. Seddon* v. *Tutop,* 6 *Term Rep.* 607. *Ravee* v. *Farmer,* 4 *Term Rep.* 146, 147, *Golightly* v. *Jellico. ib.* note.)

*Cady,* contra, contended, that the verdict and judgment were conclusive, as to every thing which was fairly at issue, between the parties, unless the record itself showed that there was something which had not been, and could not be tried in the first action. In *Brockway* v. *Kinney,* (2 *Johns. Rep.* 210.) the Court say, the verdict must be conclusive. If the plaintiff, at the first trial, had not chosen to hazard a verdict, he should have entered a *nolle prosequi* on the charge, or consented to a nonsuit. (*Manny* v. *Harris,* 2 *Johns. Rep.* 24. 30. 1 *Johns. Cas.* 492. *Earle* v. *Hinton,* 2 *Str.* 733. *Markham* v. *Middleton,* 2 *Str.* 1259.)

SPENCER, J. delivered the opinion of the Court. There are some principles which have been urged on the argument, admitting of no doubt; where, for instance, a demand of a party is submitted to a jury, and they see fit to disallow it, either for want of sufficient proof, or for any other cause, a verdict and judgment thereon is conclusive, and the same demand is barred for ever. This principle was recognized in *Brockway* v. *Kinney,* (2 *Johns. Rep.* 210.) So, also, if the plaintiff's demand consist of a claim indivisible in its nature, as in the case of *Farrington & Smith* v. *Payne,* (15 *Johns. Rep.* 432.) where several actions of trover were brought, for the tortious taking of several articles of goods at the same time, and by one act, we held, that the party could not be vexed by having the claim split up into seperate suits for each article; and as in the case of *Smith* v. *Jones,* (15 *Johns. Rep.* 229.) where the plaintiff brought several suits for three barrels of pot-ashes, sold at the same time, we held the contract to be entire, and that several suits could not be maintained.

But the question here is, whether a recovery by the plaintiff, for work, labour, and services, which were said to have been done on the 8th of *March*, 1817, was a bar to any other claim for work, labour, and services, done and performed before that time, although it should appear, not only that it was not the same work and labour for which a recovery had already been had, but that it was an entirely disconnected and distinct piece of service. The decision of the Court below, by the generality of their decision, precluded any inquiry into the facts, whether the demand for work and labour which the plaintiff offered to prove, had been submitted to the jury on the former trial, and whether it had not been performed under a distinct contract; for they ruled that the record was conclusive to show, that every demand which the plaintiff had against the defendant, for work and labour, before the 8th of *March*, 1817, had been tried and determined; and that the plaintiff should not give evidence of any such demand; thus precluding him from showing, that the work and labour claimed in this action, had not been passed upon, and that it arose from a distinct and independent contract. In this the Court below have erred. In *Snider & Van Vechten* v. *Croy*, (2 *Johns. Rep.* 229.) it was decided, that a recovery in a former action, apparently for the same cause, is only *prima facie* evidence, that the subsequent demand has been tried, but that it was not conclusive; and we referred to the case of *Seddon* v. *Tutop*, (6 *Term Rep.* 607.) as perfectly applicable, and in point. Now, evidence that establishes a fact *prima facie*, may be overthrown by proof, that the presumption which the law raises is not consistent with the real truth of the case. The plaintiff would have been required to show clearly and satisfactorily, that the work and labour for which he sought to recover, was not the same for which he recovered in the former cause, and also, that it grew out of a distinct contract; for, undeniably, if one man labours for another for a year, on the same hiring, he cannot split up the demand, and sue for each day's work.

If we test the rule we have laid down, by the rules of pleading, the same result will be found. The defendant, had he pleaded specially, must have stated a former recovery

ALBANY,
January, 1819.

PHILIPS
v.
BERRICK.

for damages which the plaintiff had sustained, as well by means of not performing the same identical promises, &c. The replication would be, that the promises in this action were not the same identical promises, for the non-performance whereof the plaintiff had not recovered by the said judgment. This would have formed an issue to the country, and the inquiry *in pais* would be, whether the former recovery included the demand now in contest, and the burthen of proof would be thrown on the plaintiff. The record would be *prima facie* evidence for the defendant, and this the plaintiff would have to meet and overthrow, by showing for what the former recovery was, and that the claim set up anew had not been submitted to the jury, and was a distinct transaction, not so identified with the former as to render it an entire contract, incapable of subdivision.

There is no case or *dictum* which requires the party to join in one suit, several and distinct causes of action. It is true, the Court may, to prevent vexation and cost, consolidate, under some circumstances, several suits, brought and pending at the same time. It is in the election of the plaintiff, if he has distinct causes of action, to sue upon all or any of them, when he pleases; and he has the further election to unite in one suit, under certain restrictions not now necessary to be stated, several causes of action; but the defendant cannot compel him to do this. If, then, the plaintiff is not bound to unite in one suit two distinct causes of action; and if the plaintiff has a right to elect to proceed by separate suits, and obtain judgment on one of his causes of action, upon what principle is it, that he shall lose his deferred cause of action, merely because it resembles the one on which he has obtained judgment? The law is not so inconsistent in its provisions, nor, indeed, so unjust, as to deny to the party the means, and the right of showing, that although there is a resemblance between the causes of action, and they belong to the same family, yet that there is not an identity, but that, in truth, they are distinct and different. The defendant's counsel placed great reliance on the case of *Markham* v. *Middleton*. (2 *Str.* 12. 59.) There the plaintiff sued for an apothecary's bill, and on executing the writ of inquiry, by accident, was unprepared to prove

the bill. The sheriff thought he could not adjourn, and the jury gave one penny damages. The Court thought it hard that the plaintiff should be paid a large debt with one penny, as they said he would be, if this verdict stood, and set aside the inquisition. Lord *Kenyon*, in speaking of this case, says, the plaintiff had but one demand, and though the jury gave inadequate damages, he would have been barred by the verdict, if it had stood. In the present case, the plaintiff was not allowed to show that the compensation for the work and labour he now claims arises from a different demand than the one he before recovered on. There is no discrepancy between the cases, and the judgment must be reversed, and the record remitted to the Court below.