NEW YORK,
May, 1835.

Stevens
v.
Lockwood.

## STEVENS *vs.* LOCKWOOD.

Where a party has demands against another, *resting in account* for property sold, for work done, and for rents due to him, and brings a suit, and on the trial of the cause withdraws from the consideration of the jury some of the items of his account, whilst he submits others of the same character, and subsequently sues to recover the items withdrawn, he will not be permitted to sustain his action; the debtor cannot thus be vexed, by having the claim split up into separate suits.

But where the demands are *separate* and *distinct*, although there is a resemblance between the causes of action, and they belong to the same family, still, if there is not an identity, but they in truth are distinct and different, a creditor may bring several actions for their recovery; the remedy of the debtor in such case is to ask the court for a *consolidation* of the suits.

ERROR from the Washington common pleas. Lockwood sued Stevens in a justice's court, and declared in *assumpsit* for goods sold and delivered, specifying *one barrel of soap* and 108 *fowls*. The defendant pleaded the general issue, and gave notice that he would prove on the trial that, in a former suit against him the plaintiff declared on and brought in an account of which his *demand now presented* formed a part, and which could not be separated from the residue of the demand *then presented*. On the trial, the plaintiff proved his demand for the fowls. The defendant then proved the former suit, which was in *assumpsit*, and that two items of the plaintiff's demand on that trial were as follows; "lot of fowls, $8,00; ¾ bll. soap, $3,25;" which items were entered in an account book of the defendant, which was produced in evidence on the trial of

that cause, and contained the following *other* items of *credit* to the plaintiff, viz. "1828, balance on the note with Atwood, $\frac{41}{100}$; rent of house, $48 ; rent of house, $9 ; fixing bedstead, $\frac{50}{100}$; ride to Granville, $\frac{25}{100}$; one day's work, $1,25 ; wood, 98 feet, $1,77 ;" making a total of $123,46, and which account was admitted by the defendant. On the *debit* side of the account, there were 23 items charged by the defendant against the plaintiff, amounting to $104,03, all of which were admitted by the plaintiff, except one charge of $45, which was the only matter in dispute on that trial. By the defendants's account book thus produced, it appeared that the first charges were made in July, 1828, and from that time at various dates up to January, 1830; the charges for the fowls and soap were made in July, 1829. Before the cause was submitted, the plaintiff withdrew the two items for *fowls* and *soap* from the consideration of the jury who tried the cause, and who found a verdict for the plaintiff, for $35,39. The counsel for the plaintiff stated on the second trial that the two items for *fowls* and *soap* were withdrawn on the first trial, so that the verdict should not exceed the jurisdiction of the justice. After hearing these proofs, the justice rendered judgment for the plaintiff for *nine dollars damages*, and costs of suit. On *certiorari*, the common pleas *affirmed* the justice's judgment, and the defendant sued out a writ of error.

*J. I. Stevens*, plaintiff in *pro. per.*

*W. H. Parker*, for defendant in error.

*By the Court*, Savage, Ch. J. It is difficult to distinguish this case from *Guernsey* v. *Carver*, 8 *Wendell*, 492. There the plaintiff's account consisted of *seven* items of merchandize sold and delivered between the 20th July and 27th August, 1828—amount, $2,35. The defendant pleaded a former suit, and prevailed before the justice. In the common pleas of Monroe, upon appeal, it appeared that the plaintiff had an account against the defendant of twenty articles of merchandize between the 4th June and 27th August, 1828—amount between $5 and $6 ; that of the first trial, he proved items

from 4th June to 19th July. The defendant pleaded a tender and prevailed. The second suit was for items between the 20th July and 27th August. It was assumed that the first trial was after the whole account had accrued. The court decided, that in a *running account*, where no special contract was entered into, each separate delivery formed a separate cause of action, and that separate suits might be brought for each. This court *reversed* the judgment, considering the amount *one entire and indivisible demand*, putting it upon the principle of previous cases. Mr. Justice Nelson says, the whole amount being due when the first suit was brought, it should be viewed in the light of an entire demand, incapable of division for the purpose of prosecution. This has been followed since. It is true, that the case particularly referred to, of *Miller v. Covert*, 1 *Wendell*, 487, arose upon a contract to deliver three tons of hay. The hay was delivered in separate parcels; but the contract was one. Such also were the cases of *Farrington v. Payne*, 15 *Johns. R.* 432, *Smith v. Jones*, 15 *id.* 229 and *Willard v. Sperry*, 16 *id.* 121.

The case of *Philips v. Berwick*, 16 *Johns R.* 136, illustrates the distinction between suits for separate and distinct causes of action, and a second suit on the same identical account, though for different items. The action was for work and labor performed before the 8th of March, 1817. The defendant showed that in September 1817 the plaintiff recovered against him for work and labor, laid in the declaration to have been done on the 8th of March, 1817. The court of common pleas of Montgomery county held it conclusive for the defendant, and nonsuited the plaintiff. This court reversed the judgment, on the ground that the plaintiff might show that the work, &c. was entirely different from that, for which he had recovered in the former suit, and performed under a *distinct contract*. Mr. Justice Spencer says, that there is no case or dictum which requires several and *distinct causes of action* to be joined in one suit. The plaintiff may elect to sue upon them separately, and it is no objection that they belong to the same family of causes, provided their identity is not the same. He distinguishes the case then before the court from *Markham v. Middleton*, 2 *Str.* 1259, which was

for an apothecary's bill for £333, which the court considered an *entire demand ;* and it was so considered by Lord Kenyon, in speaking of it. The rule laid down in *Guernsey* v. *Carver,* is in accordance with the case of *Markham* v. *Middleton,* and with good sense, and is not opposed at all to the principle in *Philips* v. *Berick.* It is applicable to this case. Although this is not a merchant's account, it is one *continuous account ;* and, in the meaning of the preceding cases, *indivisible.* One suit, and only one, should be sustained. Upon a contrary principle, a separate suit might be brought for every separate item of an account; and twenty, or more, might be brought where only one was necessary.