## STAPLES and others *vs.* GOODRICH.

The rule is well settled, that an entire and indivisible demand cannot be made the basis of two actions; and that a recovery for a part of an entire demand will bar a suit for the whole.

But a creditor is not obliged to join in one suit, several and distinct causes of action. He may elect to sue upon them separately; and it is no objection that they belong to the same family of causes, provided their identity is not the same.

Thus where two bills of goods were sold to the defendant, at different times, a credit of six months being given upon one, and none as to the other; *it was held* that the demands were separate and distinct, and that a recovery upon the bill first sold, was no bar to an action upon the second.

THE plaintiffs claimed to recover for goods and merchandise sold by them to the defendant, on the 14th of November, 1853, to the amount of $299.40. The defendant denied each allegation of the complaint, and set up a former suit and judgment, in bar. On the trial, the following facts were made to appear, to wit: that the plaintiffs, on the 7th of September, 1853, sold to the defendant goods and merchandise, on six months credit, the amount of which, with interest after six months, to the 16th of October, 1854, was $312.28; that the plaintiffs, also, on the 14th of November, 1853, sold to the defendant another bill of goods and merchandise, amounting to $299.40; that an action was commenced in this court by the plaintiffs, against the defendant, to recover the amount of the first sale, and judg-

ment was entered therein, for the sum of $312.98 damages, with $41.10 costs, on the 16th of October, 1854. The plaintiffs also commenced this action to recover the amount of the second sale ; in which action the defendant answered as above stated. Both actions were commenced on the 21st of March, 1854, but it would seem from the facts stated in the answer that it was not put in until after judgment was entered in the action brought for the amount of the goods first sold. The court held that the recovery of judgment for the amount of the first sale was not a bar to a recovery for the amount of the second sale, and rendered judgment in the plaintiffs' favor; whereupon the defendant appealed to the general term.

*W. H. Wallace,* for the plaintiffs.

*Knowles & Shipman,* for the defendant.

*By the Court,* BOCKES, J. It has long been well settled, that an entire and indivisible demand cannot be split up by a party, so as to form the basis of two actions; that if a plaintiff bring an action for part only of an entire and indivisible demand, the judgment in that action is a conclusive bar to a subsequent suit for another part of the same demand. (*Bendernagle* v. *Cocks,* 19 *Wend.* 207. *Colvin* y. *Corwin,* 15 *id.* 557. *Guernsy* v. *Carver,* 8 *id.* 492. *Miller* v. *Covert,* 1 *id.* 487. *Smith* v. *Jones,* 15 *John.* 229. *Farrington* v. *Payne, Id.* 432. *Phillips* v. *Berick,* 16 *id.* 136. *Willard* v. *Sperry, Id.* 121. *Stevens* v. *Lockwood,* 13 *Wend.* 644. *Waterbury* v. *Graham,* 4 *Sandf.* 215.) There is no disparity in the cases, that a recovery for part of an entire demand bars a suit for the whole. There has been, sometimes, difficulty in discriminating between entire and several demands, and in this lies the perplexity, if there is any, in this case.

In my judgment, however, the demands under consideration were separate and distinct. They were not in the nature of a current account, but each was an entire contract, of itself. As to one, credit was given, while no time was given to the other.

Unlike a current account, they are plainly divisible. The same evidence which would prove one, would not establish the other. In most of the cases cited, the matter of the second action was part of or grew out of the transaction in regard to which there had been a former adjudication. The distinction to be observed, between most of the cases cited and this case, is pointed out in *Phillips* v. *Berick,* (16 *John.* 136,) also in *Stevens* v. *Lockwood,* (13 *Wend.* 644.) The question in *Phillips* v. *Berick,* was whether a recovery by the plaintiff for work, labor and services done on the 8th of March, 1817, was a bar to another claim for work, labor and services done and performed before that time, each claim being for an entirely disconnected and distinct piece of service. The court held that the former recovery was not a bar ; and Mr. Justice Spencer remarked that there was no case or *dictum* which requires the party to join in one suit several and distinct causes of action. The plaintiff may elect to sue upon them separately, and it is no objection that they belong to the same family of causes, provided their identity is not the same.

[Saratoga General Term, January 1, 1856. *C. L. Allen, Bockes* and *James,* Justices.]