BENJAMIN C. PEARCE, Defendant below, Appellant, *v.* EDMUND PROVOST, Plaintiff below, Respondent.

A general demurrer to a plea or declaration admits the facts alleged in it in that action, but not in a subsequent action between the same parties.

An action for money had and received will lie at the suit of a party to an illegal wager against the stake-holder who has paid it over to the other party without his consent, to recover the money deposited by him in his hands at the time of entering into it without a previous demand upon him for the amount.

PRONARR, in assumpsit on appeal from a justice of the peace for one hundred dollars deposited by Provost in the hands of Pearce with the usual pleas, and also a special plea that the matters now in controversy in this suit, had been before adjudged and finally determined by the judgment of this Court, in a certain cause heretofore depend-

ing in it, wherein the same parties were respectively plaintiff and defendant, as by the record and proceedings of this Court in suit No. 276, of the November Term 1868 fully appears.

During the political canvass of 1868 in New Castle County, Provost, the plaintiff below, entered into a wager with one Archibald Given of one hundred dollars that Jacob Richardson who was then the candidate of the democratic party for the office of Sheriff of the county, had been a member of the Union League of Philadelphia, Provost alleging that he had been, and Given denying it, and each thereupon deposited in the hands of Pearce the sum of one hundred dollars to abide the result of it, the same to be paid over by him to Provost if he produced the book of the Union League with the signature of Richardson as a member of it; which he claimed that he afterward did, and upon his refusal to pay him the amount of the wager, sued him in this Court to recover it, but failed in the suit, on the ground that no action would lie in the opinion of the Court to recover such a wager. After the rendition of the judgment of the Court in that suit, he demanded of Pearce the return of the one hundred dollars which he had deposited with him at the time of his, entering into the wager, and on his refusal to repay him that sum the suit below in this case was instituted by him.

*T. F. Bayard,* for the appellant, put in evidence the record of the former suit in this Court between the same parties, and contended that it was for the same cause of action which was now involved in this suit, inasmuch as the bill of particulars filed in that suit (the declaration in it containing the common counts in *indebitatus assumpsit* merely) stated that the demand of the plaintiff was for a certain sum of money deposited in the defendant's hands under the following circumstances : On or about the 30th of Oct. 1868 the plaintiff and one Archibald Given entered into a contract or bet, the plaintiff alleging that one Jacob Richardson had theretofore been a member of a society or

organization known as the Union League, and the said Given denying the said proposition and affirming that he had never been a member of it, and thereupon the plaintiff agreed to pay him one hundred dollars if it was not true, and the said Given on his part agreed to pay the plaintiff one hundred dollars if it were true, and the respective sums of one hundred dollars each were deposited in the hands of the defendant; the demand, therefore, is for two hundred dollars deposited as aforesaid, as also for the one hundred dollars so deposited as forfeited by the said Archibald Given under his agreement and won by the plaintiff; and that previous to the commencement of the suit the defendant had refused to pay over to the plaintiff the said sums of money or any part thereof on demand therefor being made.

He then called a witness to prove that the defendant, as the chosen umpire of the parties to the wager, had decided it in favor of Given, and had paid the amount of it to him.

*Gordon*, for the plaintiff. The evidence proposed was not properly admissible. The former suit, as the pleadings in the action showed, was not for the same cause of action as this suit, but was for the whole amount of the wager which the plaintiff alleged and contended that he had won, and that he was therefore entitled to recover it in that suit. To that the defendant demurred generally, and by so doing admitted, of course, that the fact as so alleged by the plaintiff was true, and he was thereby concluded and estopped from disputing or denying the truth of it in this suit which was between the same parties and in regard to the same subject matter involved in that action.

*Bayard*. The admission and effect of the demurrer was conclusive, of course, in that action, but it was not so in this which is another suit, although between the same parties.

*The Court*. We think it would be carrying the doctrine

of estoppel too far to hold that the defendant is concluded and estopped by the judgment on the demurrer in the former suit from contradicting or denying in this suit, that the plaintiff had won the wager referred to, or from now proving that the defendant as the umpire of the parties to it, had decided it against the plaintiff and paid the whole amount of it over to the other party, as this suit, although between the same parties, is not in the opinion of the Court for the same identical cause of action, since that was for the whole amount of the wager alleged to have been won by the plaintiff, but which the Court held he could not recover if it was so, whilst this suit which has been brought since that decision, is simply for the one hundred dollars staked and deposited by him in the hands of the defendant at the time of entering into the wager.

It was then proved on behalf of the defendant that he had so decided the wager and had paid the whole amount of it to Given as the winner of it, but it was also proved on the cross examination of the witness that he at the same time had taken a bond of indemnity from him to refund the money or any part of it, in case he should have to pay it to the plaintiff. It was further proved that he had so paid it to Given, after demand made upon him by the plaintiff for it, and after the institution of the former suit by him for the recovery of it.

*Gordon.* The contract of wager in the case had been formally adjudged by the court to be illegal and void, and that no action would lie upon that contract for the recovery of the amount of it, even if the plaintiff had won it, but this suit which was for money had and received to the amount of one hundred dollars simply, and which had originally belonged to the plaintiff and been staked and deposited by him in the hands of the defendant, as his half of the wager entered into on the occasion, was on another and entirely different contract and cause of action, the former suit being on an express and specific contract for the recovery of two hundred dollars according to the spe-

cial terms and conditions of it, and this being on an implied contract and promise merely by the defendant to pay him one hundred dollars had and received by him on that occasion to and for the use of the plaintiff in contemplation of law under all the facts and circumstances proved in the case ; and there could be no doubt of the right of the plaintiff to recover in it under all the facts proved. *Jacobs v. Walton*, 1 *Harr.* 496. 1 *Greenl. Ev. secs.* 528, 532. *Hadley v. Green*, 2 *Crompt. & Jerv.* 374.

*Bayard.* The adjudication on the same cause of action, between the same parties, upon a matter directly in issue in the suit, was absolutely final and conclusive, and could not be controverted or called in question again in any other suit between them, except on the review of it in error or on appeal from it. 2 *Harr.* 128. 4 *Harr.* 188. 16 *Johns.* 136. 2 *Strange* 1241. 2 *Smith's Ld. Ca.* 790, 813. But although this was held to be a void and illegal bet by the court, the plaintiff could not rescind the contract and recover back his stakes or portion of the wager deposited by him, after it had been decided by the person selected, and been paid over by him to the winner, without notice previously served upon him to that effect. *Dewes v. Miller*, 5 *Harr.* 347. 8 *Johns.* 147. The demand which had been proved was made upon the defendant for the whole amount of the wager before the commencement of the other suit, and would not suffice for this suit which was for another and a different claim, and which was not commenced until two years after the defendant had decided the bet in favor of the other party, and paid the whole amount of it over to him. But the declaration and bill or particulars filed in the other suit were for the whole amount of the wager, and also for the one hundred dollars, or the half part of it deposited in the hands of the defendant by the plaintiff, while the demurrer was general and to the whole of the declaration, as explained in the bill of particulars, to the latter, as well as to the former demand alleged in it; and the judgment upon it was, or

course, against both of the causes of action embraced in it, and was, therefore, final and conclusive against the plaintiff on each of the causes of action stated in it.

*Gordon*, replied.

*The Court, Gilpin, C. J., charged the jury*, that if the former suit referred to between the same parties had been for the same cause of action as the present suit between them, the judgment entered on the general demurrer in that suit, would have been final and conclusive against the plaintiff in this action, and he could not recover in it. But the record showed that the other suit was not for the same cause of action as this; while the only question presented for the consideration of the court on the argument of the demurrer in that case was whether the plaintiff as the winner of the wager, was entitled to recover the whole amount of it from the defendant on the declaration and bill of particulars filed in the case. For no question was then raised as to whether he had a right to rescind the contract of wager with the other party to it, and to recover in that action the one hundred dollars staked by him and deposited in the hands of the defendant when the bet was made. The judgment on the demurrer was for the defendant, or in other words, that the action would not lie in that case to recover the two hundred dollars, the amount of the wager, even admitting that the plaintiff had won it, as was alleged by him in the declaration. This action, however, is not on the contract of wager as entered into between the parties to it, or for the same cause of action, but is an action of indebitatus assumpsit for money had and received by the defendant to and for the use of the plaintiff, in which he simply seeks to recover one hundred dollars, the amount of the stake deposited with the defendant by him at the time the bet was made, and as the court held the contract of wager to be illegal and void and a nullity in the other case, and the amount of it was paid by the defendant to Given without the consent of the

plaintiff and contrary to his wishes at any time made known to him after the bet was made, he is entitled to recover the amount sued for in this action.