Van Vorst, J.
The first question to be determined, is, whether the plaintiff has such legal or equitable relation to, or interest in the land in question, as to be entitled in any event, to maintain an action, for the removal of the lis pendens, or for the exoneration of the land from the lien and effect of the judgment, by which it was decided that Marquis D. L. Sharkey had an “equitable interest” therein, to the extent of $12,000, anterior to, and at the time of the seizure and sale thereof by the collector of internal revenue, and which equitable interest was ordered by that judgment to be applied to the payment of the judgment in favor of William Goodwin against Sharkey.
The determination of that question is controlled by the conclusion, as to whether or not a valid sale of the land is proven to have been made, by the collector, for the non-payment of the internal revenue tax imposed upon the members of the various firms, of which Gertrude W. Sharkey was a member. For if Hubbard acquired no title by the alleged sale under the warrant, the plaintiff, as his grantee, having no better title than her grantor, could not maintain this action.
The plaintiff, as far as this particular question is concerned, rests her case exclusively upon the recitals in the deed executed to Hubbard, by Silas W. Smith, the collector of internal revenue, to whom the warrant was issued, and by whom the sale was made. Section 3198 of the United States Revised Statutes, states that “upon any sale of real estate, as provided in the preceding section, and payment of the purchase money, *456 the officer making the seizure and sale, shall give to the purchaser a certificate of purchase, which shall set forth the real estate purchased, for whose taxes the same was sold, the name of the purchaser, and the price paid therefor: ” and if the land was not redeemed, the collector should execute to the purchaser, upon his surrender of the certificate, a deed of the real estate purchased by him, “ reciting the facts set forth in said certificate, and in accordance with the laws of the State in which such real estate is situated, upon the subject of sales of real estate under execution.”
Section 3199 provides that “the deed of sale, given in pursuance of the preceding section, shall b& prima, facie evidence of the facts therein stated, and if the proceedings of the officer as set forth, have been substantially in accordance with the provisions of law, shall be considered, and operate as a conveyance of all the right, title, and interest, the party delinquent had in and to the real estate thus sold, at the time the lien of the United States attached thereto.” The deed in evidence contains ah the facts required by the statutes to be included therein. It sets forth the real estate sold, for whose taxes the same was sold, the name of the purchaser, and the price paid therefor ; and contains all that would be required to be recited in a sheriff’s deed upon the sale of real estate, sold under execution, by the laws of New York ; and of the facts so stated, the deed is, -without doubt, prima facie evidence.
By section 3186 of the United States Revised Statutes, the United States could only acquire a lien on real estate, upon the neglect or refusal on the part of the person liable to pay the tax after the same shall have been demanded.
Section 3187 provides that if any person liable to pay any taxes, neglects or refuses to pay the same, “within ten days after notice and demand,” it shall *457 be lawful for the collector, or his deputy, to collect the said taxes with five per centum additional thereto, &c., &c.
From which it would seem that a notice and a demand of the payment of the tax, after it has been imposed, is a distinct act to be performed on the part of the agents of the government, and that the tax is, and continues a personal liability only, until its payment is demanded, when, if payment is refused or neglected, it becomes a lien on property and can be satisfied thereout.
It would be an oppressive system which would tolerate the imposition of taxes, and then, without notice or demand, condemn the property of the person liable to pay, to sale. But such is not the law.
The deed does not recite any notification or demand of the tax, nor any refusal or neglect to pay the same, nor do the sections of the statutes above referred to, require that either the certificate or deed should state such facts. But that does not dispense with the necessity of proof of such acts.
There is no evidence that any notice of the tax was ever given to Mrs. Sharkey, or to the other persons against whom, with her, they were assessed, nor of any demand being made of her, or them, for the payment of the same, nor of any neglect or refusal on her or their part.
It is the right, title, and interest, which Gertrude W. Sharkey alone, had in the premises, at the time the lien of the United States attached, which was sold and conveyed, or pretended to be. Such is the effect of the deed. There is no evidence that any member of the firms, liable for the taxes, had any interest in the land, but herself.
As the deed, therefore, professes to convey only the interest Gertrude W. Sharkey had in the premises, at the time the lien of the United States attached, the *458 question arises, did any lien exist'in favor of the United States, at the time of the sale and conveyance by the collector, and did any estate or interest pass under the deed %
It is urged by the plaintiff’s counsel, that the issuing of the warrant to the collector, is itself a demand of' payment.
I do not regard the issuance of this warrant, of which it does not appear that Mrs. Sharkey had any notice, as an equivalent for the demand directed by the statute, but rather as the effective means for the sale of her property, after the notice and demand had been actually given and made, and there had been a refusal or neglect on her part to pay (§ 3187, supra).
Proceedings of the character in question, initiated, and in all their essential details, regulated by statute, are strictly scrutinized, and the provisions of the statute should be sedulously complied with. It is only upon the occurrence of the neglects and defaults indicated, that property may be sold.
In Williams v. Peyton (4 Wheat. 77), it was held, that in case of a naked power not coupled with an interest, every prerequisite to the exercise of the power should precede it. That a party who sets up title must furnish the evidence necessary to support it. That if the validity of a deed depends upon an act in pais, the party claiming under the deed is bound to prove it. That in the case of lands sold for the nonpayment of taxes, the marshal’s deed is not even prima facie evidence, that the prerequisites required by law have been complied with. That the party claiming under the deed must show that the requisites have been discharged. That in such case it was necessary to prove a previous demand for, and non-payment of the tax.
In Mahen v. Davis (4 McLean, 311), a deed given on a tax sale; which failed to show that a notice before *459 sale had been given, was held to be void. That it was necessary that the requisites of law, through which an individual is deprived of his property, should be complied with (Jackson v. Shepard, 7 Cow. 88; Parker v. Overman, 18 How. U. 8. 137; Osterman v. Baldwin, 6 Wall. 116).
Section 3197 provides what the officer shall do after seizing the real estate. He is required “ to give notice to the person whose estate it is proposed to sell, by giving him in hand, or leaving at his last or usual place of abode, if he has any such, within the collector’s district, where said estate is situated, a notice in writing, stating what particular estate is to be sold, describing the same with reasonable certainty, and the time when, and the place where, said officer proposes to sell the same, which time shall not be less than twenty, nor more than forty days from the time of giving said notice.”
The same section also calls for a publication to the same effect, in some newspaper within the county where the seizure is made, and also for the posting of the same at the post-office nearest to the estate to be seized.
In order to have made a valid sale of the premises in question, the requirements of this section should also have been complied with (Williams v. Peyton, supra; Stead v. Course, 4 Cranch, 403).
It is true that section 3199 provides that “if the proceedings of the officer, as set forth, have been substantially in accordance with the provisions of law,” the deed shall be considered and operate as a conveyance of all the right, title, and interest the party delinquent had in the real estate, at the time the lien of the United States attached thereto.
But, as already suggested, a previous notice and demand is a substantial prerequisite to create a lien on property, and as to that the deed is entirely silent, nor has this defect been cured by extrinsic evidence.
*460 Nor is there any fact stated in the deed to meet the requirements of section 3197, in regard to the serving, publication, and posting of notice of sale.
What is stated in the deed in respect to “ due notice and publication of the time and place of sale having been first duly given and made according to law,” is not a statement of facts, but is a mere conclusion, which the actual facts may not warrant.
The substantial facts, at least, should have been recited in the deed, or proved on the trial, so that the court might determine whether there had been a sufficient compliance with the act. It should not be left for the collector’s conclusion, expressed in the deed, to determine that.
It is not necessary to decide whether or not the recitals in the deed of other facts, in addition to those which are specially required to be stated therein, would be prima facie of such other facts, as no such additional facts are stated therein.
There is a failure of proof, therefore, to authorize the collector to sell under the warrant, the right, title, and interest of Gertrude W. Sharkey in the premises, and the deed in question must be regarded as conveying no interest in the premises, and as void.
Tfiere is another view, however, to be taken of this case, which would seem also to be unfavorable to the right of the plaintiff to maintain this action, which is brought on the equity side of the court. ■
It was decided by Daniels, J., that Marquis D. L. Sharkey, the husband of Gertrude W. Sharkey, at the time of the recovery of the judgment against him, by William Goodwin (Feb. 3, 1867), had an “equitable interest” in the premises, to the extent of twelve thousand dollars, which interest was sought to be reached in the action in which such decision was made, and it was ordered and adjudged that such interest should be applied upon that judgment..
*461 The Us pendens in that action was filed on March 25, 1867. There is no evidence to show, although it is averred in the complaint, that M. D. L. Sharkey was a partner in either of the firms against whom the tax was assessed, nor that he was in any way liable to pay the same. His interest in the premises, which was adjudged to be “equitable” only, could not, for any cause appearing, have been directly sold under the warrant. It was the legal estate and interest of Gertrude W. Sharkey, which was sought to be, and which was seized and sold.
It may be that were it not for the constructive notice through the Us pendens, filed in the creditor’s action brought to reach this interest, a sale of the interest of the wife, in whom the legal title was vested, would have passed or extinguished this equitable interest, or have rendered it impossible for a creditor of M. D. L. Sharkey to have impressed the property with such equitable lien, or interest, in the hands of a dona fide purchaser.
This is stated, however, qualifiedly, for it has been adjudged that a purchaser “by extent of an execution,” buys the interest the debtor had, subject to all equities (Perry on Trusts, § 15, 346; Freeman on Judgments, § 357, and cases cited).
It does not distinctly appear when the seizure of the interest of Mrs. Sharkey in the lands was made under the warrant, but the lis pendens was filed before the sale.
It further appears by the evidence, that on June 22, 1867, and at the time and place of sale, a public notice was given on the behalf of the judgment creditors, in the hearing of all persons present, of the judgment against M. D. L. Sharkey, and of the pending proceedings to reach this interest of the judgment debtor.
The collector then sold, and Hubbard, the plaintiff’s *462 grantor, purchased with knowledge oí the defendant’s claim, that Marquis D. L. Sharkey had an “ equitable interest” in the premises, and of the proceeding to reach it, in the only manner in which such equitable interest might be reached and applied, at the instance of a creditor, by a suit or proceeding in equity. And when the plaintiff, who succeeded through a deed of quit-claim, to all the right, title and interest which Hubbard had in and to the premises, afterwards conveyed to Stiles and Robbins, she did so subject to the lien of the judgment determining the' equitable interest of M. D. L. Sharkey in the land, and its application to the payment of the judgment in question.
Now while it is beyond question that a purchaser for a valuable consideration, without notice of a prior equitable right, obtaining the legal estate at the time of his purchase, is entitled to priority in equity as well as law, according to the maxim that “when equities are equal the law shall prevail;” at the same time it is equally true that if the purchaser, though he does “pay a valuable consideration; have notice of the equitable rights of a third person, he shall hold the property subject to the equitable rights of such person” (Perry on Trusts, § 217, and cases cited).
The evidence shows notice of the outstanding rights of M. D. L. Sharkey, and of the defendant’s proceedings in a court of equity to reach the same, before and at the time of the purchase by Hubbard at the sale under the warrant; and as the deed, subsequently executed by the collector, in terms conveyed only the intelest of (Gertrude W. Sharkey, it should be held that the equitable interest of M. D. L. Sharkey neither passed, nor was affected or extinguished thereby; but that the deed was made and received subject thereto, and that the equitable proceeding of the defendant to reach the same was not prejudiced by the sale or conveyance in question; for it would be unjust in the *463 extreme, that the early equity secured by a creditor, by action, on the equitable interest of his debtor in land, and of which timely notice was given in the manner sanctioned by law, should be wholly defeated by the sale of the legal estate, under a warrant to collect a tax from one in whom the legal estate has vested, subject to such equitable interest.
The jurisdiction of the court of equity over this equitable interest, duly acquired, cannot be defeated by such sale, but must be maintained until by its final judgment it determines the extent, and makes a disposition of such interest in the action.
But it is claimed by the plaintiff ’ s counsel that the defendants might have redeemed under section 3202 of the IT. S. Revised Statutes, and that, through their failure to do so, they have lost whatever benefit and advantage they had secured by the suit in equity and the Us pendens. The right to redeem the land sold might, under the section in question, be exercised by the owner, or any person having any interest therein or lien thereon, upon payment of the amount paid by the purchaser, with interest at the rate of twenty per cent, per annwn.
The defendants were not themselves the owners, and had no interest in- the land. The interest they were seeking to reach was in Marquis D. L. Sharkey, and was equitable, and not legal.
It may be that the defendants obtained an equitable lien by the commencement of their action, and the filing of their Us pendens, on the equitable interest of M. D.. L. Sharkey, in the land. But the existence of this equitable interest, its nature and extent, had not been judicially ascertained and declared, nor was the defendants’ lien thereon determined until after the expiration of the period, within which the right to redeem might be exercised.
I do not think the section in question applies to a person in the defendants’ attitude at the time, without *464 a judicially declared or legal lien in their favor, and clearly so when the premises were sold and purchased, subject to the defendants’ rights, whatever they were, secured by their suit in equity.
The defendants were clearly entitled to prosecute their equity suit to _ its termination, and reach the equitable interests of their debtor, which they could discover in the action, without being obliged to advance a large sum, with interest at the rate of twenty per centum per annum, during the progress of their action, to redeem land sold for the tax of a person, for which their debtor was not liable, and when in the end it. might be determined that the debtor had no equitable in the land. The plaintiff’s counsel complains, and with apparent justice, of the defendant’s delay after judgment, in enforcing their right thereunder. Whilst delay of the nature suggested will find no favor in a court of equity, yet it is not of a character to entitle the plaintiff to the relief demanded in his complaint.
The complaint should, therefore, be dismissed.