SCOTT *et al. v.* HAINES.

*(City Court of New York, General Term.   March 10, 1892.)*

JUDGMENT—RES ADJUDICATA.
     Where plaintiff has two independent accounts, each against defendant, and defendant makes a payment, which plaintiff credits on one account and sues on the other, and defendant proves that the credit should have been on the account in suit, and obtains a judgment accordingly, such judgment will not operate as a bar to a recovery by plaintiff on the other account.

Appeal from trial term.
Action by Walter Scott and others against Napoleon J. Haines.   The complaint was dismissed, and plaintiffs appeal.   Reversed.
Argued before EHRLICH, C. J., and FITZSIMONS, J.
*A. G. N. Vermilyea,* for appellants.   *J. D. Quincy,* for respondent.

EHRLICH, C. J.   The complaint was dismissed upon the pleadings, and upon the theory that the claim sued upon had been adjudicated in a former action adversely to the plaintiffs.   But the record does not sustain this claim. The plaintiffs, according to their theory, did work and extra work, and in the action first brought they credited as paid the amount claimed herein. Upon that trial the defendant succeeded in convincing the court that the credit should have been applied to the contract work, (the subject of the other suit,) and it was so applied.   The court, having judicially determined that the plaintiffs credited the $75 on the wrong account, canceled such credit, and brought this action to recover the amount, and the reply alleges that the contract work (for which a recovery was had) was for labor and material entirely distinct from the labor and material involved in this action.   Assuming, as we must, that this allegation is true, separate actions might have been brought and separate recoveries had.   *Secor* v. *Sturgis,* 16 N. Y. 548. The recovery in the first action did not operate as a bar to this.   By analogy, *Wilcox* v. *Lee,* 1 Abb. Pr. (N. S.) 250.   In other words, if A. has two independent accounts of $100 each against B., and B. pays $100, which A. credits on one, and sues on the other, B. proves that A. should have credited the sum paid on the account in suit, and obtains a judgment accordingly, this certainly does not prevent A. from canceling the erroneous credit, and suing on the other account.   Such an adjudication would not bar the second action. There must be a new trial, upon which the proof may alter the result, but upon the pleadings, as they stand, it was error to dismiss the complaint. Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.