### SCOTT et al. v. HAINES.

(City Court of New York, General Term. March 17, 1893.)

PLEADING AND PROOF—BILL OF PARTICULARS.
　　In an action for extra work, a bill of particulars alleging that the extra work was not involved in a former action between the same parties on a special contract for work and material, is an amplification of the complaint, and must be read in connection with it, and hence evidence is admissible under the pleadings to prove the fact alleged in the bill of particulars.

Appeal from trial court.

Action by Walter Scott and others against Napoleon J. Haines. From a judgment entered on the dismissal of the complaint, plaintiffs appeal. Reversed.

Argued before EHRLICH, C. J., and McGOWN and FITZSIMONS, JJ.

A. G. N. Vermilye, for appellants.
J. D. Quincy, for respondent.

EHRLICH, C. J.   The action was once dismissed on the pleadings, but on appeal to the general term a new trial was ordered.   See 18 N. Y. Supp. 163.   This meant, in effect, that the issue, which is one res adjudicata, must be tried and determined by evidence pro and con.   The former action was for work and material under a special contract.   The present action is for extra work, which the plaintiffs were not bound to include in the other action.   See Secor v. Sturgis, 16 N. Y. 548.   The bill of particulars served states that the extra work was not involved in such former suit.   The bill of particulars must be regarded as an amplification of the complaint, and it is to be read in connection with it.   So construed, it was quite consistent with the record to prove that the item of extra work was not included in the other action.   Burwell v. Knight, 51 Barb. 267.   With this view, the plaintiff should have been permitted to prove that the extra bill was due and unpaid, together with any fact or circumstance showing that it was not in fact drawn in issue and passed upon at the trial of the other action.   The rulings of the trial judge diminished—in some instances, deprived—the plaintiffs of this right, and for this reason the judgment appealed from ought to be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.