(36 Misc. Rep. 207.)

## FOX v. PHYFE.

(Supreme Court, Appellate Term. October, 1901.)

1. SPLITTING CAUSE OF ACTION.

Where an entire claim is split, and made the subject of several suits, the pendency of the first suit may be pleaded in abatement of the others.

2. SAME.

Two or more suits may be brought to recover a claim from the same person, provided the claim contains two or more causes of action.

3. JUDGMENT—RES JUDICATA.

The presumption that a former judgment between the same parties covered the cause of action in suit may be rebutted by evidence that the action brought is distinct from the one represented by the judgment.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Robert J. Fox against Harry E. Phyfe. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Niles & Johnson, for appellant.

James R. Fancher, for respondent.

McADAM, J. The plaintiff, an attorney and counselor at law, sued to recover $100, the value of services rendered to the defendant prior to January 19, 1900. From the agreed statement of facts submitted to the justice it appears that prior to the beginning of the action an action had been brought by the plaintiff on an account stated to recover the sum of $435.93; that the plaintiff obtained judgment in that action by default, and that said judgment was paid and satisfied; that the services sued for herein were performed at the special instance and request of the defendant, and said services and the bill therefor were rendered before the beginning of the said prior action; that said services were of the value of $100, and were not included in the account for which the prior judgment was obtained. The defendant contended that the former judgment barred the present action; that the obligation rested on the plaintiff to include in the prior suit all his claims against defendant, and that plaintiff had no right to split his demands for payment. It is indisputable that an entire claim, arising either upon contract or from a wrong, cannot be divided, and made the subject of several suits, and, if several suits be brought for different parts of such a claim, the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits in either will be available as a bar in the other suits. Secor v. Sturgis, 16 N. Y. 548; Guernsey v. Carver, 8 Wend. 492, 24 Am. Dec. 60; Smith v. Dittenhoefer, 1 City Ct. R. 143; Jex v. Jacob, 7 Abb. N. C. 452; Lorillard v. Clyde, 142 N. Y. 456, 37 N. E. 489, 24 L. R. A. 113. That rule, however, is not applicable in this controversy. The bill for services sued for in the prior action and the one for services in question were put in evidence, and marked, respectively, Exhibits "A" and "B." Exhibit A shows

that all the services therein charged for were rendered in connection with a claim of certain parties that they had a lien on certain real property, presumably belonging to plaintiff; while Exhibit B expressly excepts the services charged for in Exhibit A. The transactions charged for in Exhibit B were thus distinct and separate from those charged for in Exhibit A. A party may bring two or more causes of action to recover against the same person if the claim contains two or more causes of action. As the court said in Secor v. Sturgis, supra:

"All demands of whatever nature arising out of separate and distinct transactions may be sued upon separately. It makes no difference that the causes of action might be united in a single suit. The right of the party in whose favor they exist to separate suits is not affected by that circumstance, except that in proper cases for the prevention of vexation and oppression the court would enforce a consolidation of the action."

See, also, Phillips v. Berick, 16 Johns. 136, 8 Am. Dec. 299; Stevens v. Lockwood, 13 Wend. 644, 28 Am. Dec. 492; Nathans v. Hope, 77 N. Y. 420; Byrnes v. Byrnes, 102 N. Y. 4, 5 N. E. 776; Scott v. Haines, 3 Misc. Rep. 153, 22 N. Y. Supp. 711; Gentles v. Finck, 23 Misc. Rep. 153, 50 N. Y. Supp. 726.

Granting that the former judgment was prima facie a bar to the present claim, the presumption was rebutted by the conceded facts, which show that this cause of action is distinct from the one merged in the judgment.

The judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.