KENNEDY v. CITY OF NEW YORK (two cases).

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

1. JUDGMENT—CONCLUSIVENESS—SPLITTING CAUSES OF ACTION.

Defendant, successor of a lessee of certain property, held over and occupied during 1898, and at the expiration of that year held over and remained in possession after January 1, 1899, and thereby became a tenant for that year on the same terms and conditions of the former tenancy. On October 29, 1904, plaintiff sued for rent for the months of August to December, 1898, inclusive, and defendant offered judgment for a sum equal to four months' rent, for which judgment was rendered for plaintiff. Thereafter plaintiff commenced two actions, one on February 8, 1905, to recover rent from January to April, 1899, inclusive, and the other on December 5, 1905, to recover for the months of May to December, 1899, inclusive. *Held* that, since the rent for the months included in the two subsequent actions had accrued prior to the commencement of the first action, both claims should have been included therein, and were barred by the judgment recovered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1111.]

2. SAME.

The bar of the first judgment was not affected because it might require different proof in the new actions to establish defendant's holding over from January 1, 1899, from that required to prove the holding over into the year 1898.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1111.]

Appeal from Special Term, Queens County.

Action by James Kennedy against the city of New York. From a judgment for plaintiff, as amended, and from an order denying defendant's motion for a new trial, it appeals. Reversed, and complaint dismissed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Theodore Connoly (Francis J. Byrne, on the brief), for appellant.
Hector M. Hitchings, for respondent.

HOOKER, J. The plaintiff has had a judgment in this action for rent; but, in view of our opinion that the defense of the former suit in bar should have prevailed, it must be reversed. On December 31, 1891, plaintiff's predecessor in title demised and leased to the former Long Island City, which later became merged in this defendant, certain premises therein, and the city covenanted to pay the rent monthly at the end of each month. The city entered into possession under the lease, and at the expiration thereof held over and continued in possession of the premises during the year 1897. The defendant, as successor of Long Island City, held over and occupied during the year 1898, and, as alleged in the complaint and determined by the verdict, at the expiration of that year held over and remained in possession after January 1, 1899, and thereby became a tenant for the year 1899 upon the terms and conditions of the former tenancy. On October 29, 1904, the plaintiff commenced an action in which the amended complaint demanded rent for the months of August to December, 1898, inclusive. The defendant offered judgment for an amount of money equal to four months' rent. The offer was accepted, and on

February 21, 1905, judgment was entered pursuant thereto. This action is a consolidation of two actions—one commenced February 8, 1905, for the recovery of rent for the months of January to April, 1899, inclusive, and the other commenced December 5, 1905, to recover rent for the months of May to December, 1899, inclusive.

In its pleadings and upon the trial the defendant raised the point that inasmuch as the action commenced October 29, 1904, was begun after the rent demanded in the two actions now consolidated accrued, and proceeded to judgment, that judgment is a bar to these actions for the demand now sued upon could have been included in the action commenced October 29, 1904. In Secor v. Sturgis, 16 N. Y. 548, 554, the court said:

"The principle is settled beyond dispute that a judgment concludes the rights of the parties in respect to the cause of action stated in the pleadings on which it is rendered, whether the suit embraces the whole or only part of the demand constituting the cause of action. It results from this principle, and the rule is fully established, that an entire claim, arising either upon a contract or from a wrong, cannot be divided and made the subject of several suits; and if several suits be brought for different parts of such a claim the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits of either will be available as a bar in the other suits."

In Yates v. Fassett, 5 Denio, 21, 28, it was held that distinct suits cannot be brought for several breaches of different covenants contained in the same instrument, but all those which have accrued at the time of commencing the suit must be embraced in the same action. In O'Beirne v. Lloyd, 43 N. Y. 248, it was held that demands which have arisen under the same contract constitute an entire and indivisible cause of action. In Reformed Protestant Dutch Church v. Brown, 54 Barb. 191, 199, it was said:

"When several claims payable at different times arise out of the same contract or transaction, separate actions can be brought as each liability enures. Still, however, if no action is brought until more than one is due, all that are due must be included in one action; and if an action is brought when more than one is due a recovery in the one first brought will be an effectual bar to a second action, brought to recover the other claims that were due when the first were brought."

It must be apparent, then, that if the claims for rent, the subject of these consolidated actions, have arisen under the same contract as the claims for rent demanded in the action which preceded these by a few months, the recovery of a judgment in the latter is a bar to the maintenance of these. In Webber v. Shearman, 3 Hill, 547, it was held that the holding over after the expiration of a lease is a continuation of the same tenancy and an enlargement of the same term; the court saying:

"The occupation for so long, at such a rent, is the substance of the issue, whether under an extension by deed, or a continuation of the original tenancy under a modified form of contract."

In Sherwood v. Phillips, 13 Wend. 479, the lease was for two years, but the tenant held over, so that his whole occupation was nine years, and the question was whether the landlord could distrain for rent for the whole nine years as one term. It was held that he could. In

People ex rel. Chrome Steel Co. v. Paulding, 22 Hun, 93, the court said:

"With the assent of the landlord the tenant continued to occupy the premises after the expiration of the written lease, and a reasonable inference is that both parties intended a tenancy thereafter on the terms therein provided. The possession of the tenant was rightful, but it was under the original demise."

And it was held that each year's occupation after the expiration of the written lease did not constitute a distinct and independent tenancy. We are persuaded that the demand contained in these consolidated actions arises out of the same contract which supported the demands of the action of October 29, 1904, and that they should have been included in the prior action. This was not done, and the judgment to which the prior action proceeded is a bar to these.

The objection of the respondent that, because it might require different proof to establish the mere fact of the defendant's holding after the 1st of January, 1899, from that required to prove the holding over into the year 1898, he is relieved from the operation of this rule, is not valid. It might require different proof to establish failure to deliver respecting installments as agreed, or to establish damages therefor in an action upon a contract for goods to be delivered and paid for in installments; and yet it is distinctly settled that the vendee cannot split up his demand and maintain successive actions to recover for each default as it occurred under such a contract, and that when he obtains a judgment for damages for the nondelivery of part of the goods it is a bar to the maintenance of a subsequent action to deliver the balance. Pakas v. Hollingshead, 184 N. Y. 211, 77 N. E. 40, 3 L. R. A. (N. S.) 1042, 112 Am. St. Rep. 601.

The judgment should be reversed, and the complaint dismissed, with costs. All concur.