GOLDBERG v. EASTERN BREWING CO.

(Supreme Court, Appellate Division, Second Department.   March 4, 1910.)

1. JUDGMENT (§ 602*)—ACTIONS BARRED—COVENANTS CONTAINED IN SINGLE· INSTRUMENT.

Where there are breaches of several and distinct covenants in an instrument, all of the breaches existing at the time an action is brought must be sued for in one action, so that a judgment for the landlord in an action upon the lease for rent was a bar to a subsequent action for a breach of covenants to repair and surrender in good condition.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1117; Dec. Dig. § 602.*]

2. ACTION (§ 53*)—SPLITTING CAUSE OF ACTION.

Where there are breaches of several and distinct covenants in an instrument, all the breaches existing at the time an action is brought therefor must be sued for in one action.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 603; Dec. Dig. § 53.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Jonas Goldberg against the Eastern Brewing Company. From a judgment for defendant, plaintiff appeals.   Affirmed.

See, also, 119 N. Y. Supp. 1126.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

Simon Berg, for appellant.

Jay C. Guggenheimer, for respondent.

JENKS, J.   This action was brought in October, 1908, for breach of the covenant in a lease that the lessee would make all repairs necessitated by wear and tear during the term, and at the expiration thereof

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

would quit and surrender the premises in as good state and condition as reasonable use and wear would permit. The lease expired on May 1, 1908. The defendant pleaded in bar a judgment in a former action to recover rent under the lease, which went to judgment and satisfaction thereof prior to the beginning of this action. The defendant supported this plea, the Municipal Court gave judgment upon it, and the plaintiff appeals.

I think that the judgment should be affirmed. Bendernagle v. Cocks, 19 Wend. 207, 32 Am. Dec. 448; Yates v. Fassett, 5 Denio, 21; Secor v. Sturgis, 16 N. Y. 548; Jex v. Jacob, 19 Hun, 105; Bliss on Code Pleading, § 118; 1 Encyclopedia of Pleading and Practice, p. 153. The principle is well stated in the Encyclopedia of Pleading and Practice as follows:

"But where there are breaches of several and distinct covenants contained in the same instrument, all these breaches must be sued for together; while independent stipulations may be sued for as the breaches occur, all the breaches existing at the time the action is brought are only one cause of action."

The reason for the rule of bar is said to rest upon the two maxims, "Interest reipublicæ ut sit finis litium," and "Nemo debet bis vexari, pro una et eadem causa." United States v. Throckmorton, 98 U. S. 65, 25 L. Ed. 93.

The learned counsel for the appellant cites, among other authorities, McIntosh v. Lown, 49 Barb. 550. But in Jex v. Jacob, supra, the court, per Daniels, J., disapproves of that case, and says that it was clearly opposed to those which preceded it, as it has been to the cases following it, and for that reason it could not be regarded as a correct exposition of law on this subject. Of the other cases cited, all are to be noticed hereafter save Fox v. Phyfe, 36 Misc. Rep. 207, 73 N. Y. Supp. 149, which recognizes the rule of Secor's Case, supra, and which bears no analogy upon the facts. Secor's Case expresses the principle thus:

"The true distinction between demands or rights of action which are single and entire and those which are several and distinct is that the former immediately arise out of one and the same act or contract and the latter out of different acts or contracts. Perhaps as simple and safe a test as the subject admits of, by which to determine whether a case belongs to one class or the other, is by inquiring whether it rests upon one or several acts or agreements."

The appellant says that Bendernagle's Case must be considered to be overruled by Perry v. Dickerson, 85 N. Y. 345, 39 Am. Dec. 663. It is not overruled, for the court, per Andrews, J., say that, if it is subject to any criticism, it is because of the application of the doctrine to the facts of the case, and that it is "an extreme case."

Perry v. Dickerson presented the question whether a judgment in an action to recover damages for a wrongful dismissal before the expiry of the stipulated term of service was a bar to a subsequent suit for wages earned by the plaintiff, due and payable before the dismissal, and the court say that, although in a sense the two causes of action arose out of the contract, yet the right of wages was given by it, and the right to damages arose from the wrong which put an end to

it; and the court points out that the right to receive the wages was definite, or could be made so, when they were due, while the damages for the wrongful dismissal could not be ascertained exactly until the stipulated period of the service had expired. In the case at bar there were breaches of the one express contract, the lease, already committed, for the lease expired on May 1, 1908, and the first action was not brought until some months thereafter, and in Bendernagle's Case, supra, Cowen, J., says:

"I have been able to find but one case which holds that, there being several breaches of the same contract already committed, the party may bring a several action for each."

And also:

"I admit that the rule does not extend to several and distinct trespasses or other wrongs (White v. Moseley, 8 Pick. [Mass.] 356), nor, as we have seen, to distinct contracts. It goes against several actions for the same wrong, and against several actions on the same contract. All damages accruing from a single wrong, though at different times, make but one cause of action; and all debts or demands already due by the same contract make one entire cause of action. Each comes under the familiar rule that, if a party will sue and recover for a portion, he shall be barred of the residue."

In any event I think that we have an express approval of the rule in Bendernagle's Case, supra, and in Pakas v. Hollingshead, 184 N. Y. 211, at page 215, 77 N. E. 40, 41, 3 L. R. A. (N. S.) 1042, 112 Am. St. Rep. 601, where the court, per O'Brien, J., say:

"It was held in the case of Bendernagle v. Cocks, 19 Wend. 207 [32 Am. Dec. 448], that where a party had several demands or existing causes of action growing out of the same contract or resting in matter of account, which may be joined and sued for in the same action, they must be joined; and if the demands or causes of action be split up, and a suit brought for part only, and subsequently a second suit for the residue is brought, the first action may be pleaded in abatement or in bar of the second action. That, it seems to us, is what has been decided in this case. The case referred to was elaborately discussed by Judge Cowen, and the English authorities on the subject cited and distinguished."

And in Lorillard v. Clyde, 122 N. Y. 45, 25 N. E. 292, 19 Am. St. Rep. 470, Vann, J., writing for the court, cites both Bendernagle's Case, supra, as well as Jex v. Jacob, supra, among his authorities. The learned Municipal Court judge rested his decision on Kennedy v. City of New York, 127 App. Div. 89, 111 N. Y. Supp. 61, which was reversed in 196 N. Y. 19, 89 N. E. 360, without affecting the rule stated and applied in the judgment of the Appellate Division.

The judgment of the Municipal Court is affirmed, with costs. All concur.