MILLER *vs.* COVERT.

ERROR from the Seneca common pleas. Miller sued Cov-
ert in a justice's court, where judgment, on the 6th July,
1827, was rendered in favor of the defendant for the costs of
the suit. Miller appealed to the common pleas, where he
proved a demand for work, labor and services, to the amount
of $4,16. The defendant proved the sale and delivery to
the plaintiff of three tons of hay, worth $8 per ton, which
was all delivered in the month of January, 1827, though in
two parcels of about a ton and a half each, under a contract
in which the defendant agreed to sell the plaintiff three tons
of hay, if he had so much to spare. The plaintiff then prov-
ed, that in April, 1827, Covert sued out an attachment be-
fore a justice against Miller, which was not personally serv-
ed ; that on the return of the attachment, Covert declared
for one ton and 19 cwt. of hay, delivered Miller in the pre-
ceding winter ; that on the trial, Covert said that Miller had
had three tons of hay, and if A. R. was present, he could
prove the whole by him ; that he would reserve the remain-
der, as there were accounts between them. Covert obtain-
ed a judgment in the attachment suit for $17,85. An exe-
cution was issued, and renewed on the 4th July, 1827, and
returned that four dollars was collected thereon. The bal-
ance of the judgment was paid on the day of the trial in the
common pleas.

The counsel for Miller insisted, that the judgment in favor
of Covert could not be set off, as an execution had been is-
sued thereon, and was in force at the time of the trial before
the justice ; and so the common pleas decided. The coun-
sel for Miller further insisted, that the contract for the hay
being entire, and Covert having sued Miller on that con-
tract, and obtained judgment against him for a part of his de-
mand, he was not entitled to set off another part of the same
demand in this suit, and requested the court so to charge the
jury ; who, on the contrary, charged the jury that Covert

*Where a party brings an action for a* part *only of an entire and indivisible demand, and obtains judgment in such action, he cannot subsequently avail himself of the* residue *by way of off-set in an action against him by the opposite party.*

Jackson
v.
Colver.

was not barred by the former suit, but was entitled to set off the balance of the hay. The plaintiff excepted, and the jury found a verdict for the defendant, on which judgment was rendered for the defendant.

*A. Gibbs,* for plaintiff in error.

*J. Maynard,* for defendant.

*By the Court,* SUTHERLAND, J. The court below erred in permitting Covert, the defendant, to prove and set off against Miller, his account for the balance of the three tons of hay sold and delivered to him in January, 1827. The sale of the hay was by one single indivisible contract. Miller agreed to purchase three tons of hay from Covert, and Covert agreed to sell it to him if he had so much to spare, and in the course of a few days delivered the whole. It is perfectly settled, that if a plaintiff bring an action for a part only of an entire and indivisible demand, the verdict and judgment in that action are a conclusive bar to a subsequent suit for another part of the same demand. The cases of *Smith* v. *Jones,* (15 *Johns. R.* 229,) of *Farrington & Smith* v. *Paine,* (15 *Johns. R.* 432,) of *Willard* v. *Sperry,* (16 *Johns. R.* 121,) and *Phillips* v. *Berick,* (16 *Johns. R.* 136,) are precisely in point. If Covert could not have brought an action for the residue of the three tons of hay, he of course could not avail himself of it by way of off-set when sued by Miller.

Judgment reversed.