LEOPOLD HOPF and others *vs.* JACOB MYERS.

The rule is well settled that a suit brought for one portion of a demand, or for one of several demands arising out of the same contract or transaction, is a bar to a subsequent suit for the residue of such demand or demands, if they were all due when such suit was commenced.

And the rule is the same where the first suit includes all the demands, though only a portion of them are therein litigated; or though a part be withdrawn.

So, if a plaintiff, having a claim arising out of the contract or transaction sued on, which occurred prior to the commencement of the suit, and of which he has demanded payment, omits to make such claim, and the same is not in issue, in the suit, and no evidence is given in support of it, he will be barred from presenting such claim as a *set-off*, in a subsequent action brought against him upon the judgment recovered in the prior suit.

An agreement, made between the plaintiff and one of two defendants, in a suit, that the plaintiff shall not litigate a portion of his claim, in that suit, and that such defendant shall have the privilege of returning certain property involved in the claim, or of paying for it, will not authorize the plaintiff to insist upon that portion of his claim, as a *set-off*, in an action brought against him upon the judgment recovered in that suit, by the assignees of *both* the defendants in the prior suit.   The demand, to constitute a set-off, must be a joint one against the assignors of the judgment.


APPEAL from a judgment entered on the report of a referee.   The action was brought on a judgment recovered against the defendant in a court of record in the state of New Jersey, in an action which he brought against Thomas Richardson and Sigismund Hopf, and which judg-

ment the plaintiffs claimed had been assigned to them by one Schedell, to whom Richardson and Sigismund Hopf had previously transferred it. Among other defenses, the answer claimed "That before and at the time of the transfer of the said demand to the said Schedell, the said Thomas Richardson and Sigismund Hopf were indebted to the said defendant on account of malt bags and balance of account," in the sum of $2450, which he would set off, &c. The cause was referred, and after hearing, the referee found, as matter of fact, that on the 21st of July, 1855, an action was commenced by the defendant herein, in the circuit court of New Jersey, against Richardson and Sigismund Hopf, and that such proceedings were had that on the *first day of June,* 1857, Richardson and Hopf recovered a judgment against him for $644.49 of damages and costs. That on the 17*th January,* 1857, Richardson and Hopf assigned the demand to one Schedell, and that on the 13*th December,* 1857, Schedell assigned the demand to the plaintiffs. That in the years 1854 and 1855, Richardson and Hopf were commission merchants in the city of New York, and Myers a shipper of malt, in Ilion. That at the commencement of business between them, it was agreed that Myers should ship to them malt in bulk, or bags, to be sold on commission; and that they should return the bags to Myers. That a large amount of malt was shipped to them in bulk and bags; the last shipment being made in April, 1855; that being the last transaction between them. That the suit in New Jersey was brought to recover the balance alleged to be due him on those transactions, and that the defendants therein claimed a balance in their favor. That upon the trial of that action, Myers made no claim for breach of agreement in not returning empty bags, and no evidence was given on said claim ; and that said claim was not in issue in that suit. That during the progress of that trial, Sigismund Hopf proposed to Myers that he should make no claim in that suit, for empty bags, but that Hopf should have the privilege of

returning them, and should pay for such as he did not return ; and that Myers acquiesced in that proposal. That no memorandum was made of that agreement, and that it was not.suggested on the trial. That prior to, and after the commencement of the New Jersey suit, and also prior to the commencement of this, the defendant had demanded from Richardson and Hopf, a return of the bags. That Richardson and Hopf, at the time of the commencement of the New Jersey suit, had failed to return 2450 bags so sent to them, and that they were of the value of 25 cents each. That the value of the bags was $612.50, and that the same should draw interest from *June* 1, 1857. And as a conclusion of .law, the referee found that the defendant was entitled to judgment for costs ; upon which judgment was accordingly entered.

*W. H. Peckham*, for the plaintiffs.

*J. K. Foster*, for the defendant.

*By the Court*, Foster, J. Upon the findings of the re-. feree, his report and the judgment rendered thereon cannot be sustained. The contract between the defendant and Richardson and Hopf, as well in relation to the return of the bags as to the sale of the malt, was entire ; and the findings show that the defendant in this suit demanded the bags of Richardson and Hopf before he commenced the suit in New Jersey. His claim to recover for the bags had, therefore, accrued prior to that suit ; and whether it was such as could be the subject of set-off in this suit, or not; and whether, in fact, it was included in the suit which he brought against them, or not; that suit was a bar to the claim. The rule is well settled, that a suit brought for one portion of a demand, or for one of several demands, arising out of the same contract, or transaction, is a bar to a subsequent suit for the residue of such demand or demands, if they were all due

when such suit was commenced. And the rule is the same where the first suit includes all the demands, though only a portion of them are therein litigated ; or though a part be withdrawn. (*Phillips* v. *Berick*, 16 *John.* 136. *Smith* v. *Jones*, 15 *id.* 229. *Farrington* v. *Smith, Id.* 432. *Miller* v. *Covert*, 1 *Wend.* 487. *Guernsey* v. *Carver*, 8 *id.* 492. *Stevens* v. *Lockwood*, 13 *id.* 645. 2 *Parsons on Contracts*, 462. *Smith's Lead. Cas.* 669.)

And the fact that the defendant also demanded the return of the bags *after* the determination of the suit in New Jersey, does not change the question. His right of action for their value was complete, and he should have presented it in that suit.

Perhaps, if the referee had found a valid agreement between the defendant and Richardson and Hopf, made while that suit was pending, and before the assignment to Schedell, by which they would return or pay for the bags, such claim could be set off against these plaintiffs ; but he does not so find. He finds an arrangement made between the defendant and *Sigismund Hopf*, by which the defendant was not to litigate the claim for the bags in that suit ; and that *he, Sigismund Hopf*, was to have the privilege of returning the empty bags, or to pay for such of them as he did not return. And he also finds that such agreement was not suggested on the trial; that no evidence was given on that claim, and that it was not in issue on the trial. It is very clear, that upon a finding that Sigismund Hopf agreed to pay for the bags, no set-off could be allowed in this suit; but that the demand, to constitute a set-off, must be a joint one against Richardson and Hopf.

The referee *reported* that the value of the bags was $612.50, and that the defendant was entitled to interest thereon, from the spring of 1856 to the first day of June, 1857, amounting to $42.87, being in all, on the first of June, 1857, $655.37, and exceeding in amount the judgment of the plaintiffs, which was rendered on that day. But the *finding*

of the referee, which, so far as all questions here are concerned, must control, states the whole amount of the set-off, on the first day of June, 1857, to be $612.50, (and being less than the judgment,) with interest from *that* date. So that, at all events, according to the findings, the plaintiffs were entitled to recover $31.99 and interest thereon, from June 1, 1857.

Several other questions are raised in the case, but if I am correct in the conclusion that the former suit was a bar to the defendant's claim to the set-off, the discussion of them is unnecessary.

There should be a new trial, with costs to abide the event.

New trial granted.

[ONONDAGA GENERAL TERM, October 4, 1864. *Morgan, Bacon* and *Foster*, Justices.]