PATRICK O'BEIRNE, Respondent, v. JAMES T. LLOYD, Appellant.

Where an action is brought on a contract, all claims arising under the same and then due constitute an entire and indivisible cause of action and a judgment therein, is a bar to any further action founded on such claims.

A voluntary compromise or satisfaction of the claim made in an action, which embraces only part of an entire demand, does not necessarily merge the whole demand ; it might sever the demand and compromise the part sued for, leaving the rest to stand.

The compromise under the facts of this case,—*held* not to have so severed the demands.

(Argued December 15, 1870 ; decided December 20, 1870.)

APPEAL from the General Term of the Superior Court of the city of New York, affirming a judgment for plaintiff.

In the year 1865, the defendant agreed with the plaintiff to pay him $400 per sheet for town or city maps, to be furnished by him on the order of the defendant, payable on the delivery of each sheet of any map so ordered.

Under this agreement, the plaintiff made and furnished to the defendant six sheets of the city of Albany, and three of the city of Buffalo, and had partially made a fourth of the city of Buffalo when he was notified by the defendant to stop work. This notice was given in December, 1865, and was complied with.

The plaintiff rendered a bill to the defendant, dated January 6, 1866, charging him $400 each for the nine sheets delivered, and $250 for the sheet partially made when the order to stop work was given. The bill also contained charges for extra work and expenses, amounting to $627, and, after crediting $640 paid on account, left a balance claimed of $3,862.

The defendant disputed the items of $250 for the map partly made, and $627 extra work and expenses, and marked them on the bill " disallowed," at about the time the bill was rendered.

On the 8th of January, 1866, the plaintiff rendered to the defendant a second bill, consisting of the same items as the first, except the disputed items of $250 for the map partially made and $600 for extra work, and showing a balance due of $3,012. Two payments on account, of fifty dollars on January 8th, and fifty dollars January 13th, were proved by plaintiff's receipts.

Evidence was given on the part of the plaintiff to the effect, that, between the time of the presentation of the first and second bills, the defendant told him to take back the map partly made and finish it, and then he would pay for it at the contract price. That the plaintiff then rendered the second bill, omitting this map, and afterward completed this map, and tendered it to the defendant on the 8th of February, 1866. These facts were controverted by the defendant's evidence.

On the 10th of February, 1866, the plaintiff commenced an action in the Supreme Court against the defendant, claiming in the summons to recover $3,762, with interest. An attachment against the property of the defendant, as a concealed debtor, was issued in that action for the sum of $3,762, with interest and costs.

The complaint in that action, verified March 15th, 1866, claims an indebtedness of only $3,512. This indebtedness is alleged to have arisen under an agreement to furnish maps at $400 per sheet, and for extra work. This complaint only claims payment for nine sheets or sections of maps, and makes no mention of the tenth sheet, which is the one in dispute in this action, but it embraces a claim of $650 for the reasonable value of extra work in and about the making of said maps, sheets, or sections.

The defendant answered in that action, denying material allegations of the complaint and setting up a defence.

On the 24th of March, 1866, a stipulation was made in that action, by the parties fixing the amount of the plaintiff's demand in that action at the sum of $3,000, and his costs at $250, providing for payment in installments; and that so long as the installments should be paid all proceedings in the action

should be stayed, but that in case of default, the plaintiff should be at liberty to enter judgment for the amount of $3,250, less such sums as the defendant should have paid.

These payments were further secured by a chattel mortgage. The defendant paid the full amount stipulated, and the chattel mortgage was satisfied March 1st, 1867, but the action has not been formally discontinued.

After those payments, the present action was commenced for the recovery of $400, for the sheet which was incomplete at the time of the rendition of the bills, and for which he charged $250 in the first bill, and which sheet the plaintiff testifies he afterward completed, and tendered on the 8th of February, 1866.

On the trial the counsel for the defendant moved to dismiss the complaint on the ground, among others, that the demand in this suit was due when the former suit was commenced, and that that suit, and the settlement proved, constituted a bar to this action.

This motion was denied, and an exception taken, and various requests to charge, embracing substantially the same proposition were made, and refused, and exceptions taken.

*Robert Sewell & James F. Pierce,* for the appellant, insisted that where several installments are due, the demand is entire, and a recovery of part bars the whole, and cited *Girling* v. *Adas* (2 Keb., 617); S. C., 1 Sid., 73; *Willard* v. *Sherry* (16 Johns., 121); 8 Wend., 494; 15 Johns., 229; 1 Wend., 487; 13 Wend., 644; *Colvin* v. *Corvin* (15 Wend., 557); 19 Wend., 206; 16 N. Y., 548; 15 Johns., 421.

*Francis G. Salmon,* for the respondent.

Rapallo, J. The demands set forth in the complaint in the action which was compromised, and the claim for which this action was brought, are admitted to have arisen under the same contract; and the latter claim, if valid, was due when the first action was brought. They, therefore, constituted an

entire and indivisible cause of action, within the principle of the authorities cited by the counsel for the appellant, and which are collected and reviewed in the case of *Secor* v. *Sturgis* (16 N. Y., 548).

It is conceded, in the opinion of the court below, that, if the first action had proceeded to judgment, such judgment would have been a bar to this action, and that, if the pendency of the former action had been properly pleaded, the complaint must have been dismissed on that ground; and these positions have not been questioned by the respondent on this appeal. Such being the scope and effect of the first action, the substantial question here is, what construction should be put upon the stipulation for the settlement of that action. Is it to be construed as embracing and disposing of the specific items mentioned in the complaint, and those only, leaving still open between the parties all other disputed claims of the plaintiff under the contract in question, or should it be deemed in law to have been the intention of the parties to compromise all matters which would have been disposed of by a final judgment in the action?

The stipulation, and the security given and payments made in pursuance of it, were a valid accord and satisfaction. The only question is, what matters were embraced in that accord?

Although a judgment in an action which embraces only part of an entire demand would merge the whole demand, so that no subsequent action could be maintained to recover the part which had been omitted, it does not necessarily follow that a voluntary compromise or satisfaction of the claim made in the action would, under all circumstances, have the same effect. The parties might make a valid agreement to sever the demand and compromise the part sued for, leaving the residue to stand; and where such an agreement is made, or can be inferred from the circumstances, the settlement would be no bar to the demands not actually satisfied or settled.

Whether the legal effect of the stipulation in this case was or was not thus to sever the demand, must be gathered from

the language of the stipulation itself, in connection with the circumstances under which it was made.

The evidence showed that some of the items embraced in the complaint in the first action were in dispute; also, that the item now sued for was disputed and was omitted from the complaint, although it had been in part embraced in the summons and attachment.

The sum paid on the settlement was less than that demanded by the plaintiff, even in his complaint. It is clear that the stipulation was for a compromise, and not merely a part payment.

But it is contended that the language of the stipulation fixing "*the amount of the plaintiff's claim in this action*" necessarily limited it to that portion of his claim which was specially described in the complaint, and that it did not embrace other disputed claims under the same contract, although it is conceded that by not including them in the action the plaintiff would be deemed to have absolutely waived them if he had proceeded to judgment.

In support of this claim the legal rule is invoked that the matters set forth in the complaint only are properly involved in the action, and from this rule the conclusion is drawn that the matters embraced in the summons and attachment, but omitted in the complaint, cannot be deemed to have been covered by the stipulation.

But the reasoning is equally strong in favor of the position that the stipulation was made in view of the rule that a recovery of the amount of the plaintiff's claim in that action would bar any subsequent claim for the amount now sued for; that a judgment in the action would put an end to the latter claim, and, therefore, that it was in legal effect involved in the claim made in the action, though not specifically mentioned in the complaint, and that, if there had been any intention to separate and reserve it such, intention would have been expressed.

But we are not confined to the presumption arising from the omission of such reservation.

The provision contained in the stipulation, that in case of default in the payments agreed upon, judgment should be entered in the action for $3,000 and costs, less such payments as might have been made, shows very plainly that the utmost the plaintiff was intended to have under this compromise was such amount as he would be entitled to, in case he entered judgment for the stipulated sum or such part of it as the defendant should fail to pay, and that therefore no agreement was made or can be implied by virtue of which any claim, which would have been barred by such a judgment, can be deemed to have been reserved from the settlement. The provision for the entry of judgment was manifestly intended as a penalty to secure performance by the defendant. But to give to the stipulation the construction claimed by the respondent, we must attribute to it the incongruity of converting this penalty into an inducement on the part of the defendant to violate his agreement; for if the voluntary payment of the stipulated amount leaves the defendant liable to a claim from which he would have been discharged by a judgment entered pursuant to the stipulation, it was plainly to his interest to make default. The plaintiff would then have had no remedy, except to enter judgment for the balance due on the stipulation, and there was to be no increased cost to the defendant in that event.

We cannot interpret the stipulation so as to render it thus incongruous, and are, therefore, of opinion that, properly construed, it operated as a compromise of all claims under the contract in question, which would have been barred by a judgment in the first action.

The judgment should be reversed, and a new trial granted with costs to abide the event.

All the judges concurring, except PECKHAM, J., who dissented.

Judgment reversed and new trial granted.