### SUPREME COURT.

HORACE BAILEY, respondent, agt. ELI STONE, appellant.

An appeal from the decsion of the *clerk* of the court, allowing or disallowing *costs*, cannot be sanctioned. The practice is becoming quite common, but it is wholly irregular and unauthorized. It would be treating the humblest ministerial action as judicial—converting the clerk of a court into a judge, without any color of authority for so doing.

The only duty the clerk is required or permitted to perform. in relation to the costs, is to ascertain and determine what items of costs and disbursements the party presenting costs for adjustment is. by law, entitled to. The question whether he is entitled to any costs in the cause is for the court to determine, not the clerk.

It is the duty of a clerk to adjust any bill of costs presented to him. But unless there is a verdict of a jury, report of a referee, or order of the court, awarding costs to the party presenting the bill to the clerk, it is not the duty of the clerk to insert the costs, so adjusted, in the judgment.

If the party deems himself entitled to the costs in such case, it is his duty to apply to the court for an order requiring the clerk to insert the costs in the judgment.

But if the clerk persists in inserting the costs in the judgment when there is no adjudication entitling the party to costs, the other party to the action must move to strike them from the judgment.

After an adjudication by a justice of the peace that tne accounts of the parties exceeds $400, the plaintiff is bound to commence his action in the supreme court, and is entitled to costs under § 304 of the Code, on the recovery of any amount in that court. * 

*Fourth Judicial Department, General Term, March,* 1871.
MULLIN, *P. J.,* JOHNSON *and* TALCOTT, *JJ.*
APPEAL by defendant from an order of special term.

---

* NOTE —The 3d subdivision of § 304 of the Code seems to be unfortunately worded; it says: costs shall be allowed of course to the plaintiff upon a recovery "in the actions of which a court of justice of the peace has no jurisdiction." Then follows subdivision 4 which says that the plaintiff is entitled to costs of course "in an action for the recovery of money where the plaintiff shall recover $50." Now in all actions of account for an amount exceeding $400, or any other action on contract exceeding in amount the jurisdiction of a justice of the peace, subdivision 3 is broad enough to give the plaintift costs of course, on recovery of any amount, whether the action was ever commenced in a justices' court or not. It covers all actions in which a court of justice of the peace has no jurisdiction. But then sub-

L. Spring, *for appellant.*
J. S. Johnson, *for respondent.*

*By the court,* Mullin, P. J.—This is an appeal from order made at the Erie special term, denying motion to set aside order of the clerk of said county, adjusting costs in favor of the plaintiff and against the defendant in this action.

An action for the same cause of action to recover, which this action was brought, was commenced in a justices' court, and it appearing on the trial to the satisfaction of the justice that accounts proved on both sides exceeded $400, dismissed the plaintiff's complaint on motion of the defendant's counsel, and entered judgment for costs, in favor of the defendant.

This action was then brought, and the trial of the issues joined was referred to a referee who, after hearing the parties, reported that the accounts of the parties proved before him, exceeded $400, in amount—that there was due from the defendant to the plaintiff, the sum of $26 14, for which sum judgment was ordered, together with the costs of this action.

A motion in the nature of an appeal from the decision of

division 4 comes in and requires a recovery by the plaintiff of $50, to entitle him to costs. This is also general, and would seem to operate to annul or repeal subdivision 3. For instance, suppose this case had been originally commenced in the supreme court, and the recovery of the plaintiff had been the same as here—under $50—the defendant would have been entitled to costs under subdivision 4. Subdivision 3 would have had no force nor effect in that case; and why does it have now ? Because the court say that an *adjudication* of the amount of the accounts by the justice of the peace, or by the referee who tried the cause, was necessary to show that the justice had no jurisdiction in order to bring it under the operation of sub. 3. But subdivision 3 does not say that this adjudication is necessary or required—it says " in the actions of which a court of justice of the peace has no jurisdiction"; and this question of jurisdiction might as well be ascertained by the attorney who brings the action, as by a court or referee so far as subdivision 3 gives any authority to determine. Indeed, it has been decided in *Lund* agt. *Broadhead, (ante* 146,) that " if *in fact,* the sum total of the accounts exceeds $400, it is not necessary that the action be first brought in a justices' court, and that the amount of the accounts should be there shown *by proof* to exceed $400. The jurisdiction of the justices' court, may be shown by the pleadings."—Rep.

the clerk adjusting costs in favor of the plaintiff was made, and the decision of the clerk was affirmed, and from that order the defendant appeals.

It will be seen from the foregoing statement of the facts appearing in the papers used on the appeal, that there is no dispute between the parties as to the items of costs or disbursements allowed by the clerk, but the claim is, that the clerk erred in allowing the plaintiff any costs, whatever, the defendant claiming that the recovery being for less than $50, the defendant was entitled to costs, and not the plaintiff.

This practice of appealing from the allowance of costs in a cause, is becoming quite common, but it is wholly irregular and unauthorized. The only duty the clerk is required or permitted to perform in relation to the costs is, to ascertain and determine what items of costs and disbursements the party presenting costs for adjustment is by law entitled to. The question whether he is entitled to any costs in the cause, is for the court to determine, not the clerk.

It is the duty of a clerk to adjust any bill of costs presented to him. But unless there is a verdict of a jury, report of a referee or order of the court awarding costs to the party presenting the bill to the clerk, it is not the duty of the clerk to insert the costs so adjusted in the judgment. If the party deems himself entitled to the costs in such case, it is his duty to apply to the court for an order requiring the clerk to insert the costs in the judgment.

But if the clerk persits in inserting the costs in the judgment when there is no adjudication entitling the party to costs, the other party to the action must move to strike the costs from the judgment.

An appeal from the decision of the clerk allowing or disallowing costs, cannot be sanctioned.

It would be treating the humblest ministerial action as judicial, converting the clerk into a judge without any color of authority for so doing.

Bailey agt. Stone.

I have said thus much on the question of appeals from clerks, on the allowance or disallowance of costs to put an end if possible to a practice wholly irregular and unnecessary.

I shall consider the appeal as if the order had been made on a motion to the special term to strike the costs from the record, which it ought to have been.

The adjudication of the justice before whom the cause was first tried, is conclusive upon the question as to the amount of the accounts of both parties.

After that adjudication, the plaintiff was bound to commence his action in the supreme court, and was entitled to costs on the recovery of any amount in that court.

Section 304 of the Code provides, that the plaintiff shall be allowed costs of course in actions of which a court of justice of the peace has no jurisdiction.

The accounts of the parties exceeded $400 in amount, a justice of the peace had no jurisdiction. (*Code,* § 54).

It is thus demonstrated, that the plaintiff was entited to costs.

If the judgment of the justice was not conclusive as to the amount of the accounts, the finding of the referee most assuredly was. But if these should still leave the question in doubt, the defendant is both legally and morally estopped from denying it. His counsel, on the trial, before the justice objected to the further prosecution of the action in that court, because the accounts exceeded the amount, of which the justice had jurisdiction. After procuring the dismissal of the action, and compelling a suit to be brought in this court, he cannot now be heard to insist that the justice had jurisdiction. Fair dealing forbids that such conduct should be sanctioned or approved.

The order of the special term is affirmed, with $10 costs.