By the Court.— Horace Russell, J.
This action was brought to recover from the city the sum of $2,000, for the rent of offices in the building 317 Broadway, from May 1, 1877, to May 1, 1878.
The claim for the first six months, that is, $500, for the quarters ending respectively August 1 and November 1, 1877, was included in the complaint in a former action between the parties. The history of the transaction and the law as relates to most of the questions involved, will be found in the opinion of Folger, Ch. J., in Davies v. Mayor (83 N. Y. 209), reversing a dismissal of the complaint affirmed at general term (13 J. & S. 373).
The decision of the court of appeals establishes that the original letting was with sufficient authority, and that the holding over, under the circumstances, made the defendants tenants from year to year, until May, 1877.
*196 After that decision, and on January 22, 1881, the defendants offered “ to allow judgment to be entered against them for the principal sum of $1,000, with interest on $500 thereof from February 1, 1877, and interest on $500 thereof from May 1, 1877, besides the costs and disbursements accrued and incurred in this action to the date thereof.”
The plaintiff accepted the offer and entered his judgment accordingly, and then brought this action to recover the rent from May 1, 1877, to May 1, 1878, which includes two quarters embraced in the claim in the former suit. And the plaintiff’s counsel now claims that the former judgment conclusively determines his right to recover in this action.
There was proof on the trial below that the Board of Aldermen, on December 26, 1876, adopted a resolution, approved by the mayor on December 28, setting apart for the recorder rooms in a building belonging to the city, and directing that the Commissioners of Public Works be authorized and directed to give notice and make provision accordingly. There was no proof that this resolution was brought to the notice of the plaintiff. It appeared that the rooms designated in the resolution were not ready for occupancy until the latter part of June, 1877, and that the Recorder continued in the actual possession of the rooms belonging to the plaintiff until the middle of June, and that the keys of such rooms were retained until July.
If the question to be considered were not complicated by reason of the fact that the defendant is a municipal corporation, and that the holding over was by an officer not authorized to make or renew, on behalf of the city, a contract of lease, and if the defendant were a person, who himself held over, we should have no hesitation in reaching the conclusion that although he had contemplated in' December the abandonment of the premises and started to make other pro *197 vision, the mere fact that he held over, authorized the landlord, at his own election, to treat him as a trespasser, or as a tenant, for another year (Schuyler v. Smith, 51 N. Y. 309). That the relation between the parties here until May 1, 1877, by reason of the holding-over, with the implied assent of the proper authority, was that of landlord and tenant, was determined by the court of appeals.
We are now to consider what effect, if any, the resolution of the Board of Aldermen, adopted in December, 1876, had upon the alleged continuance of the relation after May 1, 1877, and what effect, if any, should be given to the judgment entered upon the offer above stated.
While it is not directly, and in so many words, held in the decision of the court of appeals, that the acquiescence of the proper authorities in the holding-over by the recorder, was necessary to create such authority in him to hold over as would bind the defendants, and raise an implied renewal of the lease, inasmuch as that court put the plaintiff’s right to recover for the two quarters ending May 1, 1877, upon the ground of assumed assent, that, I think, is the fair inference to be drawn from that decision; and that, without authority from the Board of Aldermen, or such acquiescence in his holding-over as would amount to a ratification, not only was the recorder without authority to take a lease, but he was equally without authority to create an implied renewal of a lease by holding over after the expiration of a term.
In the former appeal, the implied renewal having taken place before the passage of the resolution by the Board of Aldermen, it was held that their action could not operate to terminate the lease, impliedly renewed by the holding-over, before the end of- a current year.
In this case, their resolution having been passed *198 three months before the beginning of a current year, there certainly was nothing from which the acquiescence of the municipal authorities to a renewal of the lease, could be inferred.
If that be so, and we have correctly apprehended the opinion, it would seem to make an end of this case.
It is claimed that the resolution of December, 1876, shows a ratification of the continuance in possession by the recorder until the other offices should be fitted up for him, and notice given by the commissioner of public works. That resolution on its face does not bear such interpretation. It contemplates rather an immediate action toward the object resolved upon. It certainly cannot be construed into an implied acquiescence of a re-leasing of the plaintiff’s premises from the 1st of May thereafter for another year. The plaintiff was then bound at his peril to inquire upon what authority, to bind the defendants, the recorder continued in possession after May 1 (Macdonald v. Mayor, 68 N. Y. 23 ; Brady v. Mayor, 20 Id. 312; 2 Bosw. 183 ; Donovan v. Mayor, 33 N. Y. 291).
These cases hold that a party dealing with a person claiming to represent the corporation, is charged with notice of his lack of authority, and, as I have already said, the effect of the court of appeals decision is to hold that the recorder’s holding over could not bind the city unless upon a special authorization, or such acquiescence as amounted to an authorization.
I come now to the consideration of the effect of the judgment entered by the plaintiff upon the defendants’ offer in the former action, which the plaintiff’s counsel claims conclusively determines his right to recover in this action. This claim must be based on the theory that inasmuch as in «that action a claim was made for rent falling due August 1, and November 1, 1877, upon the allegation of the renewal of the tenancy after May *199 1, 1877, and the offer of judgment was a general one, the judgment establishes the continuance of the relation of landlord and tenant after May 1, 1877, and the relation once established could not be terminated until the end of a current year. In this matter we are met with the fifth finding of fact below, which is as follows: “V. That in such action the defendants offered to allow judgment to be entered against them for the two first named quarterly installments, with interest as claimed, viz.: for $500, and interest thereon from February 1, 1877, and the further sum of $500 and interest from May 1, 1877.”
An exception was taken by the appellant to so much of this finding as finds that the defendants, in the action named, made any offer of judgment except for the principal sum of $1,000, with interest on $500 thereof from February 1, 1877, and interest on $500 thereof from May 1, 1877, besides the costs and disbursements accrued in said action, to January 24, 1881, as contrary to the fact and evidence in the case.”
There seems to be good ground for the exception, inasmuch as there is no evidence to show that the offer of judgment by the defendants was for the two first named quarterly installments, and the offer itself was a general one, to compromise the claim sued on.
It is, of course, within the view of ordinary perception that the offer of compromise was made in consequence of the expression of the court of appeals, but that fact does not permit us to say that an offer, general in its terms, should, as a matter either of fact or law, be construed as relating to a particular part of the claim on which suit is brought. A defendant may offer to compromise an entire claim, as to part of which his liability is clear, and as to a part not so, by the payment of a gross sum equal to that as to which his liability is clear.
But if we hold, as I think we ought, that the fifth *200 finding of fact, in the respect excepted to, was wrong, what is the logical result ? Did the judgment entered upon the offer to compromise for a sum less than the amount claimed, constitute an adjudication upon the rights of the parties, with reference to the subject matter in litigation, so as to create thereafter an estoppel to a denial by the defendants of a tenancy after May 1, 1877? We have not been cited-to any authority, nor have we ourselves been able to discover any, which sustains that proposition,
If the plaintiff had recovered judgment for the full amount claimed, it would have constituted a substantial adjudication that the tenancy continued after May 1, 1877; but the recovery of the amount offered in compromise in this case, would not necessarily have constituted such an adjudication. The right to recover rent from May, 1876, to May, 1877, rested upon a different state of facts from those on which the right to recover from May, 1877, to May, 1878, was based; and if a jury, upon a trial, had rendered a verdict for the amount offered in oompromise here, it could not be said that they had found that the tenancy continued after May 1, 1877, for the whole amount of the verdict would only equal the amount due for rent which had accrued previously to that time.
An offer of judgment is peculiar. In many respects it is like negotiations looking toward a settlement, which may not be put in evidence. Its effect certainly is not greater, so far as the doctrine of res adjudícala is concerned, than would be the finding of a jury. And so, we are constrained to the conclusion that the plaintiff’s contention cannot be sustained.
But there is one logical result of the conclusion to which we have come with reference to the effect of the judgment entered upon the offer, which makes conclusively against a part 6f the claim in the plaintiff’s present action; which is, that the claim for rent falling *201 due August 1, and November 1,1877, having been made a part of the plaintiff’s cause of action in the former suit compromised by the offer, became merged in the judgment entered therein, so that the plaintiff’s action in this case, so far as that portion of his claim is concerned, is jarred by that judgment.
The defendants made a general offer to compromise the claim sued on. There was no proof, nor any stipulation between the parties,by which it was agreed that any part of the cause or causes of action sued on, should be held to be withdrawn from the contemplation of the parties in making the compromise, and, therefore, the case does not come within those authorities cited by the counsel for the appellant, in which a party was permitted to bring a new action for a severable cause of action sued on, or alleged by way of counter claim, in a former action, upon its being made to appear to the court, either by parol evidence or by stipulations, that such cause of action was withdrawn, and not litigated on the trial of the former action (Kerby v. Daly, 63 N. Y. 659; Knox v. Hexter, 71 Id. 461).
There can be little doubt, and these authorities concede, that in the absence of proof of such withdrawal, a general verdict or judgment would be a bar to a further suit on account of any cause of action or counterclaim pleaded in the action in which judgment was had (Wait' s Actions and Defenses, 776, title ‘‘ Former Adjudication Hopf v. Myers, 42 Barb. 270; Pinney v. Barnes, 17 Conn. 420; Dodd v. Blockstook,1 Pittsburg, Pa. 46 ; Bagot v. Williams, 3 Barn. & Cress. 235.
If, in the former action between the parties here, a trial had been had upon the pleadings as they stood, a general verdict had been rendered, and judgment entered thereupon, such judgment would have been a bar to any action for a claim included in the complaint in that action. The plaintiff’s only remedy, in case the verdict had been for the sum offered in compromise *202 here, would have been to move to set aside the verdict for inadequacy, and to appeal (Philips v. Berick, 16 Johns. 136).
“Spencer, J.
Where, for instance, a demand of a party is submitted to a j nry, and they see fit to disallow it, either for want of sufficient proof, or for, any other cause, a verdict and judgment thereon is conclusive, and the same demand is barred forever.”
So long as the judgment stood of record, it would have been res adjudieata. A judgment entered upon an offer of compromise certainly cannot put a plaintiff in a better position than he would have been with a verdict for the same amount, in the absence of any proof that a portion of the claim embraced in the complaint was withdrawn and not litigated (See Smith v. Jones, 15 Johns. 229; Farrington v. Smith, Id. 442; Miller v. Covert, 1 Wend. 487; Guernsey v. Carver, 8 Id.492; Stevens v. Lockwood, 13 Id. 645).
In Dodds v. Blackstock (1 Pittsburg Rep. 46), it was held that “ when a defendant offers to confess judgment for part of the plaintiff’s claim, and the plaintiff enters judgment for the amount so tendered, and proceeds to execution, he cannot recover the balance of the claim.” In that case, the plaintiff filed a bill of particulars and an affidavit of claim for the sum of $315. The defendant offered to confess a judgment for $206.12, which he admitted to be due, and filed an affidavit of defense as to the residue. Judgment was entered for the sum of $207.12, without prejudice to a recovery for the balance.” The case went to trial on a special plea setting forth the above facts. A verdict was rendered for the plaintiff under the direction of the court, who reserved the question whether the facts appearing of record constituted a bar to the recovery of the balance of the plaintiff’s claim. It was held that it did, and the decision was affirmed in the supreme court, but unreported.
*203 In Brazier v. Banning (8 Harris, 345), an action of covenant for the recovery of ground rent, an affidavit of defense was made to part of the claim; judgment was taken for the part not disputed, and payment was voluntarily made; it was held that the plaintiff was precluded from recovering more that the judgment taken was a bar to any farther proceedings for the cause of action.
But for section 511 of the Code,—which permits the entry of an interlocutory judgment for an amount admitted to be due,—our practice would be the same. The general rule of law is the same.
In Bagot v. Williams (3 Barn. & Cres. 235), the headnote correctly states the case: “Assumpsit for money had and received. Plea, a judgment recovered, for want of a plea, for £4,000 in an inferior court in Wales for the same causes of action. Replication, that the causes of action were not the same, and issue joined thereon. At the trial it appeared that the defendant had received, on account of the plaintiff, and as Ms steward, different sums of money at different times, and that, on the investigation of the accounts, the plaintiff found that there was due to him a much larger sum than that for which he had declared in the inferior court, but that he had proceeded for the smaller sum under the belief that the defendant had no available property beyond that amount; defendant in that action suffered judgment by default, and plaintiff verified for three thousand four liu ndred pounds. Held, that all the sums which the plaintiff knew the defendant had received at the time when he commenced.the action in the inferior court, were to be considered as causes of action in respect to which he had declared and recovered judgment.”
Bailey, J., in the course of his opinion, says : “In this case Lord Bagot, at the time when the first action *204 was commenced’ had a demand upon the defendant, not for any specific sum of money, but for different sums of money received by the defendant on his account, from different persons and at different times. His agent knew he had claims in respect of all the sums now claimed, except forty-six pounds, and, having tha.t knowledge, he formed an opinion that three thousand four hundred pounds was the whole sum which Lord Bagot ought to claim, and if he acted upon that opinion it is much the same thing as if a plaintiff in a cause at nisi prius, having a claim of sixty pounds, consisting of three sums of twenty pounds, which became due to him at different times, consented to take a verdict for forty pounds. If the jury in such case, at the suggestion of the plaintiff, reduced the verdict to forty pounds, he would be bound by it, and could not after-wards bring an action for the other twenty pounds. It seems to me that he is equally bound by his own act in this case as he would have been by the verdict of a jury in the other, and that, having chosen to abandon his case once, he has done it forever.”
In Pinney v. Barnes (17 Conn. 420), a suit had been brought upon a removed executors’ bond, for malfeasance, and a recovery had. Among the breaches alleged in that suit were, that the defendant had neglected and refused, upon demand made therefor, to pay over to his successor the moneys in his hands belonging to the estate. On a scire facias afterwards brought on this judgment to recover moneys which were in the hands of such executor to pay certain legacies, it was held that the former suit was a bar.
The authorities from which I have quoted go much further than it is necessary to go in this case, except those in Pennsylvania, which are the only ones exactly in point that have come within my observation.
The law as to payment, accord and satisfaction, and releases, by analogy throw some light upon the same *205 question; and there can be no doubt that if the plaintiff making a claim, such as he made in the former action, which was disputed by the defendant, had received the sum for which he entered judgment on the offer of compromise, either in payment or as an accord and satisfaction, or certainly for a release of such claim, he could not again assert a right of recovery upon it (Cooper v. Parker, 14 Com. B. 118; S. C. on appeal, 15 Com. B. 822).
I am, therefore, of opinion that the plaintiff’s claim in this action to recover for the rent which, according to his theory, fell due August 1, and November 1,1877, was barred by the judgment entered on the offer of compromise in the former action.
The judgment must be affirmed, with costs.
.Sedgwick, Ch. J., and Freedman, J., concurred.