HENRY BOWERS, Respondent, *v.* WILLIAM C. SMITH, as
Administrator, etc., Appellant.

*Supreme Court, Third Department, General Term, December* 11, 1889.

1. *Former adjudication. Bar.*—A single claim for board cannot be split.
2. *Same.*—A judgment for the wife on a claim for services in preparing
   the food for a boarder, is a bar to an action by the husband individ-
   ually, or as assignee, for the value of the raw material.
3. *Husband and wife. Contract.*—An agreement between husband and
   wife as to her having the compensation for nursing and boarding a
   third person, is valid.
4. *Estoppel. Knowledge.*—No estoppel arises in behalf of one who has
   full knowledge of the facts.

Appeal from judgment in favor of plaintiff, entered on the
report of a referee.

Prior to this action Emeline Bowers, wife of the present
plaintiff, recovered in an action against these defendants for
services, board and rent furnished the deceased, Edward
Smith. In that action the complaint had three counts, first,
for care and nursing of deceased, and preparing and adminis-
tering food, etc.; second, for furnishing food, board, etc.;
third, for room rent. The answer in that action alleged
among other things that plaintiff therein was a married
woman and that her husband was the real owner of the cause
of action. On that trial plaintiff asked the husband, her
witness, " What was the value of the board furnished Mr.
Smith, irrespective of the labor performed by plaintiff."
Defendants objected on four grounds, the second being that
on the proof such cause of action, if any, was in the husband,
the witness. The objection was sustained generally, not
upon any particular ground. After the decision the plaint-

iff did not press her second cause of action and stated that she waived it, and upon the ground that defendants allege that the claim for board belongs to the husband, and she asked the referee to note the waiver, which was done. The defendants' attorney said nothing. The complaint was not amended by striking out the second cause of action.

The present action is brought for the value of the uncooked food furnished deceased, and plaintiff recovered.

*Moak & Buchanan,* for appellant.

*Worthington Frothingham,* for respondent.

PUTNAM, J.—The referee finds that at and during the trial of the action brought by Emeline Bowers against these defendants, she was the owner of and entitled to recover against the estate of Smith (if any one was), for and on account of the board of said deceased Edward, and for the provisions and articles sought to be recovered in this action.

The evidence justifies this finding of the referee. There is no conflict of testimony in this regard. The plaintiff states the agreement made with his wife in the complaint. He was present when she made out her bill against the estate of Smith for the claim sought to be recovered in her action, and when she verified the same; was present at the trial of her action and was sworn as a witness and testified to the agreement made with his wife, wherein he told her if she took good care of Mr. Smith she could have all there was for nursing and board.

It is settled that such an agreement between husband and wife is valid. It was an agreement that if the wife would act as nurse and take care of him she might have or receive the compensation for her services as well as for his board. See Burley *v.* Barnhard, 9 N. Y. State Rep. 587 ; Matter of Kinmer, 14 Id. 618.

The evidence shows an election on the part of Emeline

Bowers, assented to by her husband, to board and take care of deceased *on her own account.* Birkbeck *v.* Ackroyd, 74 N. Y. 356.

It being established that at the time of the trial of the action brought by Emeline Bowers against the executors of deceased she was the owner of the claim in suit, we are unable to see how the judgment entered in this case can be sustained.

In the first place, there is no allegation in the complaint that Emeline Bowers had assigned said claim to the plaintiff. In fact, the allegations of the complaint are inconsistent with such a claim. The complaint alleges that *when Edward Smith died* he was indebted to this plaintiff, etc. But, assuming that the evidence shows an assignment of the claim by Emeline Bowers to plaintiff, and that the complaint might be deemed amended accordingly, then the objections by defendants to the evidence of Emeline Bowers were well taken, and the motion to strike out her evidence of personal transactions with deceased should have been granted, such evidence being incompetent under § 829 of the Code. And for this error the judgment should be set aside.

But, as the referee finds, and the evidence shows, Emeline Bowers, at the time of the trial of her action against the executors of Edward Smith, deceased, was the owner of the whole claim against him for nursing, care and board, including the claim in suit. She recovered for the nursing, care, cooking and preparing his food ; but, it is claimed, not for the provisions or raw material out of which his food was prepared. Could Emeline, owning the claim against deceased for board asserted in her complaint on the trial before the referee, withdraw that part of such demand for the value of the raw material out of which the food was prepared, so that the claim therefor would not be barred, and would be a proper subject of another action, and at the same time recover for her services in preparing the food ? In other words, split a single claim for board into two parts. It is well settled that

she could not.  See Bendernagle *v.* Cocke, 19 Wend. 207 ; O'Beirne *v.* Lloyd, 43 N. Y. 248 ; Hopf *v.* Myers, 42 Barb. 270.

It makes no difference whether the claim for the raw materials comprised in the board was embraced in the claim set out in the complaint and withdrawn, or was wholly omitted from the cause of action asserted in the pleadings.  In either case the demand, being a part of the same board for which Emeline claims to and did recover, could not be separated from the other part and could not be the subject of another recovery.

This doctrine is too well settled to need the citation of authorities or a discussion.  In Hopf *v.* Myers, *supra,* at pages 272–3, the rule is well stated, as follows : "A suit brought for one portion of a demand, or for one of several demands arising out of the same contract or transaction, is a bar to a subsequent suit for the residue of such demand or demands, if they were all due when the suit was commenced. And the rule is the same where the first suit includes all demands, though only a portion of them were litigated, or though a part be withdrawn."  Hence, the judgment in the action brought by Emeline was a bar to any claim by her for the articles and provisions for which the plaintiff claims to recover in this action, and it is evidently a bar to any claim of plaintiff herein as assignee of his said wife.  She could assign to him no better right than she herself had.

But plaintiff insists that defendants having, in their answer and on the trial of the action in the suit brought by Emeline Bowers, taken the position that the claim in suit was owned by plaintiff, are in this suit estopped from taking the opposite position.

There can be no estoppel in this case in favor of plaintiff.

If plaintiff sues, as assignee of his wife, for the claim in suit, there is evidently no element of an estoppel here.  Defendants took the position on the former trial that plaintiff then owned this claim.  This action, if brought by plaintiff

as assignee, is founded on the theory that plaintiff did not then own the claim, but that Emeline did. If estopped, defendants would be prevented from now claiming that plaintiff did not then own the claim in suit. But plaintiff, as assignee, does not himself claim that. He claims the contrary, that he did not own the claim then, but has since purchased it. Defendants then are not estopped from denying what plaintiff himself does not allege. One of the elements of an estoppel is that the party claiming it should have relied upon the statement made or act done by the other party. Malony *v.* Horan, 12 Abb. N. S. 288.

If plaintiff claims as assignee in this action he does not rely upon the answer of defendants or their position on the trial, that plaintiff was at the time the owner of the claim in suit. In Bailey *v.* Stone, 41 How. 346, and other cases cited by plaintiff, where defendants, before the justice, claimed that the accounts in controversy amounted to over $400, and the action was thereupon discontinued, the defendants were held estopped because the other party had acted upon such claim and were proceeding in another court, relying upon the validity thereof.

If plaintiff brings this action, not as assignee but as the owner of the claim in suit at the time of the trial of the Emeline Bowers case, there can be no estoppel, because plaintiff was not a party to that former suit and was not bound by the judgment or proceedings therein, and hence, an assertion made or position taken by defendants in that action cannot be used as an estoppel in this action brought between different parties. If defendants did claim or assert in the former suit that plaintiff was then the owner of this claim, they did not so claim or assert to plaintiff and they are not bound by the statements in this action.

Again, it is held that there can be no estoppel in behalf of one who has a full knowledge of all the facts. In this case it would seem that plaintiff knew at the time of the former trial whether he did or did not own the demand set

out in the complaint.  He must have known all the facts much better than the defendants could, and hence, it cannot be a case of estoppel.  See Baker *v.* Un. Mut. Life Ins. Co., 43 N. Y. 289.

The facts on the former trial, as in this, were undisputed, and the assertion of defendants in their answer and their claim on the trial that plaintiff was the owner of the claim in suit, should be deemed an assertion of a conclusion of law from the conceded facts rather than an assertion of fact, and hence, such assertion and claim does not constitute an estoppel.  Brewster *v.* Striker, 2 Comst. 19.

There are other questions raised by counsel, but it is unnecessary to consider them.  As before stated, the conclusion of the referee that at the time of the trial of the action of Emeline Bowers against the same defendants she was the owner of the claim in suit, is fully justified by the evidence in the case; and this being so, the judgment and proceedings in that action is a bar to the claim of the plaintiff, her assignee, sought to be recovered in this action.

The judgment entered on the report of the referee should be reversed, the referee discharged and a new trial granted; costs to abide the event.

LEARNED, P. J., and FISH, J., concur.

---

NOTE ON " EFFECT OF RECOVERY FOR PART OF A CLAIM."

An assignment of an undivided part of a claim, if all the owners unite in the suit, constitutes no defense.  Wittemore *v.* J. L. & S. O. Co., 124 N. Y. 565.

A recovery in a former action for installments of rent under a lease, in which an appeal is pending, is no bar to an action for the subsequently accruing installments.  Smith *v.* L. Z. & I. Co., 59 Hun, 618.

A judgment in replevin for one of two wagons, made by the plaintiff for the defendant, is not a bar to a suit for the contract price of both.  Schwenk *v.* Widemeyer, 60 Hun, 579.

In an action for a monthly installment of rent, the fact that plaintiff obtained a judgment for the preceding month's rent, will not estop defendant

Note on "Effect of Recovery for Part of a Claim."

from pleading an eviction, where he vacates the premises after the month for the rent of which the judgment was recovered, though some of the reasons for vacating existed prior to that time. Keohler *v.* Scheider, 16 Daly, 235.

A recovery at law for moneys had on certain outstanding matters of an alleged partnership between the parties is not a bar to a subsequent action for an accounting in which the former recovery can be credited. Montrose *v.* Wanamaker, 57 Hun, 590 ; O'Dougherty *v.* Remington Paper Co., 81 N. Y. 496 ; Secor *v.* Sturgis, 16 Id. 553 ; Perry *v.* Dickerson, 7 Abb. N. C. 466 ; McIntosh *v.* Lown, 49 Barb. 550.

A payment by defendant of plaintiff's bill for repairs of a carriage and the recovery of a judgment by plaintiff for a subsequent bill do not bar defendant's counterclaim for damages for unskillful or negligent work in making the repairs embraced in the first bill. Healey *v.* Perry, 16 Daly, 117.

A judgment in favor of the plaintiff in an action to recover a single installment upon a contract, at a time when another installment had fallen due, where the latter fact is set up as a defense in the answer with an allegation of the pendency of an action thereon, amounts to an adjudication that the contract is divisible and will authorize the plaintiff to maintain separate actions thereafter for the different installments, though more than one are due at the time of the commencement of the action. Lorillard *v.* Clyde, 122 N. Y. 41.

The separate assignments of installments of royalties made at different times justifies separate actions therefor. Miller *v.* Union S. & S. Co., 59 Hun, 624. It is only in cases where the class of proof is the same for all the causes of action that the rule that a recovery for one installment upon a contract is a bar to all that were due at the time of the commencement of the action, applies. Id.; Stowell *v.* Chamberlain, 60 N. Y. 272.