ELIZA SANDS, Respondent, *v.* DERRICK W. SPARLING and Another, Administrators, etc., of HANNAH HASSIS, Deceased, Appellants.

*Action to recover the value of board — maintainable by a married woman — testimony of the husband admissible under Code of Civil Procedure, § 829 — waiver of the objection that a question is not hypothetical.*

Ordinarily, when a wife lives with her husband and has no separate business, a claim for board in the family would belong to the husband, yet an agreement between a husband and his wife, by which he allows her to board a party and receive compensation therefor, is valid, and in such case the wife may recover the amount due by a person for board furnished to him.

In an action brought by a wife living with her husband to recover the amount claimed to be due to her for board furnished at her own home to the defendants' intestate, the testimony of her husband as to personal transactions had by him with the deceased is not incompetent under the provisions of section 829 of the Code of Civil Procedure, if the witness is not the assignor of the claim against the deceased upon which the action is brought, and never had any legal interest therein.

Upon the trial of an action brought to recover the value of board furnished the defendants' intestate, a witness for the plaintiff, in answer to the question, "What kind of board was furnished for that period ?" answered, " Beefsteak, ham and eggs, pie and cake, vegetables, and sometimes something extra, coffee, tea, bread and butter, and ordinary table board." On cross-examination he was asked, "In speaking of board, you have said milk, potatoes, and ordinary board ?" To which the witness answered " Yes, and beefsteak." This was the only evidence given on the trial descriptive of the kind of board furnished, and it was not contradicted. Immediately after the giving of such testimony the plaintiff produced two witnesses who testified that five dollars per week was the value of ordinary board, and that the board furnished the deceased, as testified to by the preceding witness, was ordinary board.

*Held,* that although the proper way to have proved the value of the board would have been to have proposed a hypothetical question in which the board furnished would have been described, as stated by the witness, yet, under the circumstances, the reception of the testimony of such two witnesses was not

erroneous, inasmuch as the testimony upon which their estimate was based was given by but one witness, consisted of but one sentence, and was uncontradicted;

That if it was improper for the referee to allow such two witnesses to express an opinion based on what they had just heard the previous witness testify, a specific objection that the question was not hypothetical should have been interposed.

APPEAL by the defendants, Derrick W. Sparling and another, as administrators, etc., of Hannah Hassis, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 30th day of July, 1894, upon the report of a referee.

*William Lounsbery,* for the appellants.

*Charles Irwin,* for the respondent.

PUTNAM, J. :

This action was brought for board furnished by plaintiff to defendants' intestate for forty-seven weeks, from 1884 to 1890. The claim was presented to defendants, as administrators, disputed by them and referred under the statute. On the trial it appeared that the board was furnished by plaintiff at her home, where she lived with her husband. She carried on no separate business. A witness testified, without objection, that deceased boarded with plaintiff during the time mentioned and to conversations between deceased and plaintiff indicating that deceased expected to pay plaintiff for her board, and plaintiff's husband testified that at the time of the first conversation between plaintiff and deceased in reference to board he told his wife if she did the work she should have the pay ; that he had no interest in it whatever. The referee held that plaintiff was entitled to recover for thirty-five weeks' board, and on his report judgment was entered accordingly.

While, ordinarily, when the wife lives with her husband and has no separate business, a claim for board in the family would belong to the husband, yet it has been determined that a contract between the husband and wife, by which he allows her to board a party and receive compensation therefor, is valid. (*Matter of Kinmer & Gay,* 14 N. Y. St. Repr. 618; *Burley* v. *Barnhard,* 9 id. 587;

*Bowers* v. *Smith et al.*, 28 id. 346; see *Birkbeck* v. *Ackroyd*, 74 N. Y. 356.)

We think, under the evidence in the case, the referee was justified in determining that the plaintiff was the owner of the claim for the board and services for which the action was brought.

It is urged by the learned counsel for appellants that the referee erred in overruling the objections to testimony of plaintiff's husband as to personal transactions had by him with deceased; that such testimony was incompetent under the provisions of section 829 of the Code of Civil Procedure. But the witness was not the assignor of the claim against deceased under which the action was brought. He never had any legal interest in such claim. Under the evidence in the case the plaintiff was the only person who ever had any demand against the deceased; hence, the provisions of section 829 of the Code of Civil Procedure did not apply. (*Burley* v. *Barnhard*, 9 N. Y. St. Repr. 587; *Porter* v. *Dunn, Executor*, 43 id. 193.)

It is further urged by the defendants that the court erred in receiving testimony as to the value of the board furnished the deceased. On the trial Austin Sands, the husband of plaintiff, in answer to the question, "What kind of board was furnished for that period?" answered, "Beefsteak, ham and eggs, pie and cake, vegetables, and sometimes something extra, coffee, tea, bread and butter, and ordinary table board." On cross-examination by defendants' counsel the following question was asked: "In speaking of board you have said milk, potatoes and ordinary board?" to which the witness answered, "Yes, and beefsteak." This is the only evidence given on the trial descriptive of the kind of board furnished, and it was not contradicted. The plaintiff, immediately after the giving of such testimony, produced two witnesses who testified that five dollars per week was the value of ordinary board; that the board furnished deceased as testified by Austin Sands was ordinary board, which is another way of stating that the kind of board which Austin Sands had testified was furnished deceased was worth five dollars per week. Doubtless the more proper way to have shown the value of the board would have been to have proposed a hypothetical question in which the board furnished would have been described, as sworn by the witness. (*Reynolds* v. *Robinson*, 64 N.

Y. 589; *Link* v. *Sheldon*, 136 id. 1; *People* v. *McElvaine*, 121 id. 250.)

But in a peculiar case like this, where a description of the board furnished was given only by one witness, was uncontradicted, and consisted of but one sentence, we do not think that the referee erred in the ruling he made. We are of opinion that in this case the doctrine laid down by DANFORTH, J., in *Seymour* v. *Fellows* (77 N. Y. 181) applies. The learned judge in delivering the opinion of the court used the following language : " In *Reynolds* v. *Robinson* (64 N. Y. 595) the question was subject to the same objection. The witness had heard the testimony of two physicians and had heard read the evidence of another ; he was then asked for his opinion. It is obvious that it must be made up, if at all, upon the weight of evidence, the comparison of testimony, and his estimate of the accuracy and reliability of the witnesses from whose narration he was to form an opinion. He was required to consider the evidence detailed by a group of witnesses, and eliminate what to him seemed material from the irrelevant. But none of these objections exist in this case. The question directed the attention of the witness to the testimony of a single witness upon a single subject, and was not other in effect than it would have been if the counsel had recited the statement of services rendered by the party, and on that statement asked an opinion of their value. As was held in *McCollum* v. *Seward* (*supra*), ' this was equivalent to a question, assuming that the services rendered were as described by the witness, what were they worth.' " (See, also; *McCollum* v. *Seward et al.*, 62 N. Y. 316.)

We are also inclined to believe now that if it was improper for the referee to allow the witness to express an opinion based on what he had just heard the witness testify, the specific objection that the question was not a hypothetical one should have been interposed. (*Winters, by Guardian,* v. *McMahon*, 23 Wkly. Dig. 119, 120.)

We conclude that the judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.